# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| Lakewood Board of Education,<br><br>    Plaintiff,<br><br>v.<br><br>New Jersey Legislature,<br><br>Stephen M. Sweeney, in his official capacity as President of the New Jersey Senate,<br><br>Craig J. Coughlin, in his official capacity as Speaker of the New Jersey General Assembly,<br><br>New Jersey Department of Education,<br><br>Lamont O. Repollet, in his official capacity as Commissioner of the New Jersey Department of Education,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT** |

The Lakewood Board of Education complains as follows against the New Jersey Legislature, President of the New Jersey Senate, Speaker of the New Jersey General Assembly, New Jersey Department of Education, and Commissioner of Education:

## I. PARTIES

1. The Lakewood Board of Education ("Lakewood" or "District") is the local education agency responsible for the education from kindergarten through twelfth grade of all schoolchildren in the Township of Lakewood, the most-populous municipality in Ocean County New Jersey. Lakewood's principal office is located at 200 Ramsey Avenue, Lakewood, New Jersey.

2. Defendant New Jersey Legislature is the legislative branch of the government of the State of New Jersey, located at 125 West State Street, Trenton, New Jersey.

3. Defendant Stephen M. Sweeney ("Senate President Sweeney") is the President of the New Jersey Senate. His office is located at 125 West State Street, Trenton, New Jersey.

4. Defendant Craig J. Coughlin is the Speaker of the New Jersey General Assembly. His office is located at 125 West State Street, Trenton, New Jersey.

5. Defendant New Jersey Department of Education ("NJDOE") is the State education agency responsible for providing Lakewood's schoolchildren with a thorough and efficient public education under the State Constitution and a free and appropriate public education under federal law. Its principal office is located at 100 River View Plaza, Trenton, New Jersey.

6. Defendant Lamont O. Repollet ("Commissioner Repollet") is the Commissioner of the New Jersey Department of Education. His office is located at 100 River View Plaza, Trenton, New Jersey.

## II.   JURISDICTION AND VENUE

7. This Court has federal-question jurisdiction over this matter under 28 U.S.C. § 1331.

8. Venue is proper in this Court's Trenton Vicinage as all defendants reside within this Vicinage, and the bulk of the acts and omissions giving rise to the causes of action enumerated herein took place in this Vicinage.

## III.   FACTS

9. Lakewood is the most-populous municipality in Ocean County, New Jersey. In 2018, Lakewood had an estimated population of 104,157 residents.

10. As of June 26, 2019, Lakewood's enrollment was 6,252 students: 5,634 in public schools, 407 in out-of-District placements, and 211 in charter schools.

11. Of Lakewood's 6,252 students, 1,256 (20.1%) are eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 to 1482. An additional 78 students (1.2%) are eligible for speech-language services.

12. Lakewood's student population consists almost entirely of minority students: 86.1% of Lakewood's students are Hispanic, 7.2% are Black, 5.6% are White, and 1.2% are Other.

13. According to the latest NJDOE School Performance Report, 28.6% of Lakewood's students are English Learners.

14. <u>Every single one</u> of Lakewood's students is eligible for free or reduced-price lunches. By this measure, <u>all</u> of Lakewood's students are economically disadvantaged.

15. In March 2019, New Jersey Governor Philip D. Murphy ("Governor Murphy") issued the Governor's FY2020 Budget, which included more than $30 million in additional State aid (the "Promised State Aid") for Lakewood. The relevant portion of Governor Murphy's budget is enclosed as **Exhibit A**.

16. On information and belief, Governor Murphy included the Promised State Aid in his FY2020 Budget based on Commissioner Repollet's affirmation that these monies were necessary to supply Lakewood with sufficient resources to provide a thorough and efficient education to its students, as mandated by the State constitution.

17. In April 2019, the Legislature's Office of Legislative Services issued an analysis documenting the $30 million figure, the relevant portion of which is enclosed as **Exhibit B**.

18. Despite Governor Murphy's recommendations, the Senate and Assembly FY2020 Appropriations Bills, both introduced on June 17, 2019, removed the Promised State Aid. The relevant portion of the Legislature's comparison of its Appropriations Bills with the Governor's Budget is enclosed as **Exhibit C**. As the Legislature notes in this exhibit, the Appropriations Bills "[m]odif[y] language to reduce additional State Aid to Lakewood Township School District."

19. On or about June 19, 2019, Senate President Sweeney commented on the deletion of the Promised State Aid, saying that additional funding was still a possibility, but that "[t]he number just dropped. When they just threw it out there, there wasn't a whole lot of conversation with the Legislature of what it means and what it is." An Asbury Park Press article reporting Senate President Sweeney's comments is enclosed as **Exhibit D**.

20. Due to the withdrawal of the Promised State Aid, neither Lakewood's Business Administrator nor its appointed State Monitor was able to certify Lakewood's 2019-2020 budget as sufficient to provide an appropriate education to its students. A copy of the budget certification page is enclosed as **Exhibit E**.

21. Effective Monday, July 1, 2019, without the Promised State Aid and without a certified budget, Lakewood was obliged to close its schools and cease operations. The message from Lakewood's Superintendent to all staff to this effect is enclosed as **Exhibit F**.

22. Later, and *belatedly*, and only as a result of an Emergent Application filed by the Lakewood Board of Education,[1] on July 1, 2019, Commissioner Repollet wrote a letter to the State Treasurer, a copy of which is enclosed as **Exhibit G**, recommending that Lakewood receive a $36 million loan and "find[ing] that this advance payment <u>is necessary to ensure the provision of a thorough and efficient education</u>." Ex. G at 1 (emphasis added). Indeed, the relevant statute requires the Commissioner to "base" any "recommendation" for "an advance State aid payment . . . on whether the payment is necessary to ensure the provision of a thorough and efficient education." N.J.S.A. 18A:7A-56(a).

23. Later in his letter, Commissioner Repollet reiterated that the $36 million loan "is needed to allow the district to meet the needs of its students and provide a thorough and efficient education." Ex. G at 1.

24. Contrary to the terms of Governor Murphy's Promised State Aid, which would have been provided without strings attached, this new $36 million loan requires roughly 10% repayment per year and imposes massive new liabilities on Lakewood, further impeding its ability to provide its students with a constitutionally sufficient education. <u>Compare</u> Ex. A <u>with</u> Ex. G.[2]

---

[1] <u>Board of Education of the Township of Lakewood v. New Jersey Department of Education</u>, EDU-08386-19; Agency Dkt. No.: 142-6/19.

[2] <u>Despite</u> repeated requests by the Lakewood School District, Superintendent of Schools, and State appointed Monitor the New Jersey Department of Education ("NJDOE") has refused to delineate what the funds are to be utilized for.

25. On July 2, 2019 the State Treasurer approved the $36 million loan. The State Treasurer's letter to this effect is enclosed as **Exhibit H**.

26. Despite this new loan, Lakewood's Superintendent, Business Administrator, and State Monitor all agree, based on an exhaustive financial analysis, that the District requires an additional $16.9 million in order to provide a thorough and efficient education to its students during the 2019-2020 school year. A certification by Lakewood's Superintendent and Business Administrator to this effect is enclosed as **Exhibit I**.

27. To date, neither Lakewood's Business Administrator nor its State Monitor is willing to certify the adequacy of a District budget that does not include these additional monies. See Ex. I. Lakewood thus remains bereft of a certified budget and cannot operate.

## COUNT I

## 42 U.S.C. § 1983 FOR TITLE VI RACE DISCRIMINATION

28. Lakewood incorporates the foregoing paragraphs as if set forth at length herein.

29. Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

30. The NJDOE receives Federal financial assistance and is thus subject to Title VI.

31. 42 U.S.C. § 1983 provides a federal cause of action to any person who is "subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]"

32. As stated above, the vast majority of Lakewood's students are minorities.

33. The Defendants' acts and omissions resulting in the removal of the Promised State Aid from the FY2020 Budget affect <u>only Lakewood, and thus affect minority students almost exclusively</u>.

34. Lakewood's minority students have thus been "excluded from participation in," "denied the benefits of," and "subjected to discrimination" in State educational programs, contrary to Title VI, and, may, in all likelihood, be excluded and denied.

35. Defendants have caused Lakewood's minority students to sustain actual damages.

Wherefore, Lakewood requests judgment in its favor, together with interest, costs, attorney's fees, and such other relief as this Court deems appropriate.

## COUNT II

## 42 U.S.C. § 1983 FOR DENIAL OF EQUAL PROTECTION

36. Lakewood incorporates the foregoing paragraphs as if set forth at length herein.

37. In relevant part, the Fourteenth Amendment requires that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend. XIV.

38. 42 U.S.C. § 1983 provides a federal cause of action to any person who is "subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]"

39. By committing the acts and omissions that resulted in the removal of the Promised State Aid (READ – _not_ loan) from the FY2020 Budget, Defendants have deprived Lakewood's students of the equal protection of the laws in violation of the Fourteenth Amendment.

40. Defendants have caused Lakewood's students to sustain actual damages.

Wherefore, Lakewood requests judgment in its favor, together with interest, costs, attorney's fees, and such other relief as this Court deems appropriate.

## COUNT III

### 42 U.S.C. § 1983 FOR VIOLATION OF THE INDIVIDIALS WITH DISABILITIES EDUCATION ACT

41. Lakewood incorporates the foregoing paragraphs as if set forth at length herein.

42. The IDEA requires the NJDOE and Lakewood to provide eligible students with a free appropriate public education. Vindicating this right requires offering each eligible child an individualized education program "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1, 137 S. Ct. 988, 999, 1001 (2017).

43. The NJDOE receives Federal financial assistance and is thus subject to the IDEA.

44. 42 U.S.C. § 1983 provides a federal cause of action to any person who is "subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]"

45. As stated above, more than twelve hundred (1200) of Lakewood's students are eligible for special education and related services under the IDEA. By

committing the acts and omissions that resulted in the removal of the Promised State Aid from the FY2020 Budget, Defendants have robbed Lakewood of the resources necessary to provide and maintain the current placements, special education, and related services for its special-education students, thus depriving those students of their right to a free appropriate public education under the IDEA.

46. Though the IDEA generally requires exhaustion of administrative remedies, multiple exceptions to the exhaustion requirement apply here due to both the hundreds of students at issue and the emergent nature of the violation, which make exhaustion futile and inadequate and which would result in substantial harm to students were Lakewood to pursue exhaustion. See, e.g., J.Q. v. Washington Twp. Sch. Dist., 92 F. Supp. 3d 241, 252 (D.N.J. 2015).

47. Defendants have caused Lakewood's special-education students to sustain actual damages.

Wherefore, Lakewood requests judgment in its favor, together with interest, costs, attorney's fees, and such other relief as this Court deems appropriate.

## COUNT IV

### 42 U.S.C. § 1983 FOR VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

48. Lakewood incorporates the foregoing paragraphs as if set forth at length herein.

49. Every Lakewood student protected by the IDEA is also protected by Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, which provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"

50. The NJDOE receives Federal financial assistance and is thus subject to Section 504.

51. 42 U.S.C. § 1983 provides a federal cause of action to any person who is "subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]"

52. As stated above, more than twelve hundred of Lakewood's students are eligible for special education and related services under the IDEA and are thus protected by Section 504. By committing the acts and omissions that resulted in the removal of the Promised State Aid from the FY2020 Budget, Defendants have robbed Lakewood of the resources necessary to provide and maintain the current placements, special education, and related services for its special-education students, thus depriving those students of their rights under Section 504.

53. Defendants have caused Lakewood's special-education students to sustain actual damages.

Wherefore, Lakewood requests judgment in its favor, together with interest, costs, attorney's fees, and such other relief as this Court deems appropriate.

### COUNT V

### NEW JERSEY CIVIL RIGHTS ACT FOR VIOLATION OF THE "THOROUGH AND EFFICIENT" CLAUSE

54. Lakewood incorporates the foregoing paragraphs as if set forth at length herein.

55. In relevant part, the State Constitution provides that "[t]he Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years." N.J. CONST., art. VIII, § 4, ¶ 1.

56. The New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 to -2, creates a civil cause of action for persons "who ha[ve] been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State[.]" N.J.S.A. 10:6-2(c).

57. By committing the acts and omissions that resulted in the removal of the Promised State Aid from the FY2020 Budget, Defendants have deprived Lakewood's students of the "thorough and efficient" public education guaranteed to them by the State Constitution. N.J. CONST., art. VIII, § 4, ¶ 1.

58. Defendants have caused Lakewood's students to sustain actual damages.

Wherefore, Lakewood requests judgment in its favor, together with interest, costs, attorney's fees, and such other relief as this Court deems appropriate.

**Michael I. Inzelbuch, Esq./s/**

Michael I. Inzelbuch, Esquire
1340 West County Line Road
Lakewood, New Jersey 08701-1112
732-905-0325
michael@inzelbuchlaw.com
*Counsel for Lakewood Board of Education*

Dated: July 3, 2019