# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lakewood Board of Education, | **Document Electronically Filed** |
| Plaintiff, | |
| v. | Hon. Freda L. Wolfson |
| New Jersey Legislature; Stephen M. Sweeney, in his official capacity as President of the New Jersey Senate; Craig J. Coughlin, in his official capacity as Speaker of the New Jersey General Assembly; New Jersey Department of Education; Lamont O. Repollet, in his official capacity as Commissioner of the New Jersey Department of Education, | Civil Action

No. 3:19-cv-14690 (FLW/DEA) |
| Defendants. | Returnable:
February 3, 2020 |

---

BRIEF IN SUPPORT OF DOE DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

---

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for DOE Defendants
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
P: (609) 376-3100
F: (609) 943-5853

Lauren A. Jensen
Deputy Attorney General
    On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

PRELIMINARY STATEMENT ...............................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2

    A. New Jersey's State Budget Process ..............................................2

    B. School Funding and the School District Budget Process ...........................3

    C. The FY20 Budget Process and Lakewood's Legal Challenges ................4

STANDARDS OF REVIEW ....................................................................9

ARGUMENT .....................................................................................11

    POINT I

    LAKEWOOD'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY
    BECAUSE THE DOE DEFENDANTS ARE IMMUNE FROM SUIT ......11

    POINT II

    LAKEWOOD DOES NOT HAVE STANDING TO BRING CLAIMS ON
    BEHALF OF PUBLIC SCHOOL STUDENTS ...........................................15

    POINT III

    LAKEWOOD OTHERWISE FAILS TO STATE ANY CLAIM UPON
    WHICH RELIEF CAN BE GRANTED BY THIS COURT .......................17

    POINT IV

    THE COURT SHOULD ABSTAIN FROM HEARING THIS MATTER ..23

CONCLUSION ...................................................................................28

i

# <u>TABLE OF AUTHORITIES</u>

## **Cases**

<u>A.W. v. Jersey City Pub. Schs.</u>
486 F.3d 791 (3d Cir. 2007)....................................................................20

<u>Alexander v. Sandoval</u>
532 U.S. 275 (2001)...............................................................................19

<u>Allen v. Fauver</u>
167 N.J. 69 (2001)..................................................................................14

<u>Argueta v. U.S. Immigration & Customs Enforcement</u>
643 F.3d 60 (3d Cir. 2011).....................................................................10

<u>Ashcroft v. Iqbal</u>
556 U.S. 662 (2009).........................................................................10, 19

<u>Atascadero State Hosp. v. Scanlon</u>
473 U.S. 234 (1985)...............................................................................14

<u>Bd. of Educ. of Lakewood Twp. (Ocean County) v. N.J. Dep't of Educ.,</u> Initial
Decision, OAL Dkt. No. EDU 08386-19 (July 3, 2019) .........................7

<u>Bd. of Educ. of the Twp. of Lakewood, Ocean County, v. N.J. Dep't of Educ.,</u>
Agency Dkt. No. 142-6/19, Final Decision (Aug. 6, 2019) .................8, 9

<u>Bell Atlantic Corp. v. Twombly</u>
550 U.S. 544 (2007).........................................................................10, 19

<u>Bennett v. Atlantic City</u>
288 F. Supp.2d 675 (D.N.J. 2003) .........................................................13

<u>Blanciak v. Allegheny Ludlum Corp.</u>
77 F.3d 690 (3d Cir. 1996)......................................................................9

<u>Burford v. Sun Oil Co.</u>
319 U.S. 315 (1943)...............................................................................25

C.H. v. Oliva
226 F.3d 198 (3d Cir. 2000)......................................................................12

Chavarriaga v. N.J. Dep't of Corr.
806 F.3d 210 (3d Cir. 2015).....................................................................18

Chiropractic America v. LaVecchia
180 F.3d 99 (3d Cir. 1999)..................................................................26, 27

Christy v. Pa. Tpk. Comm'n
54 F.3d 1140 (3d Cir. 1995)........................................................................9

City of Camden v. Byrne
82 N.J. 133 (1980).......................................................................................3

Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.
527 U.S. 666 (1999)..............................................................................12, 13

Didiano v. Balicki
488 Fed. Appx. 634 (3d Cir. 2012)...........................................................18

Dixon v. Kuhn
257 Fed. Appx. 553 (3d Cir. 2007)...........................................................24

Endl v. New Jersey
5 F. Supp. 3d 689 (D.N.J. 2014) ..............................................................15

Fed. Mar. Comm'n v. S.C. State Ports Auth.
535 U.S. 743 (2002)...................................................................................12

Fry v. Napoleon Cmty. Sch.
137 S.Ct. 743 (2017)..................................................................................21

Gould Electronics, Inc. v. United States
220 F.3d 169 (3d Cir. 2000).......................................................................10

Hewett v. Willingboro Bd. of Educ.
421 F. Supp. 2d 814 (D.N.J. 2006) ...........................................................16

Holland v. Rosen

895 F.3d 272 (3d Cir. 2018) .................................................................................15

Kehr Packages v. Fidelcor, Inc.
926 F.2d 1406 (3d Cir. 1991) .................................................................................9

Komninos v. Upper Saddle River Bd. of Educ.
13 F.3d 775 (3d Cir. 1994) .................................................................................21

Lawrence Twp. Bd. of Educ. v. New Jersey
417 F.3d 368 (3d Cir. 2005) .................................................................................16

M.A. ex rel. E.S. v. State Operated Sch. Dist.
344 F.3d 335 (3d Cir. 2003) .................................................................................13

Middlesex County Ethics Comm'r v. Garden State Bar Assoc.
457 U.S. 423 (1982) .................................................................................24

Mierzwa v. United States, 282 Fed. Appx. 973 (3d Cir. 2008) ...............................13

Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.
477 U.S. 619 (1986) .................................................................................24

Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess
297 F.3d 310 (3d Cir. 2002) .................................................................................12

Parents Involved in Comty. Sch. v. Seattle Sch. Dist.
127 S. Ct. 2738 (2007) .................................................................................25

Pennhurst State Sch. & Hosp. v. Halderman
465 U.S. 89 (1984) .................................................................................11, 14

Phillips v. County of Allegheny
515 F.3d 224 (3d Cir. 2008) .................................................................................10

Quackenbush v. Allstate Ins. Co.
517 U.S. 706 (1996) .................................................................................23

Quern v. Jordan
440 U.S. 332 (1979) .................................................................................13

R.R. v. Manheim Twp. Sch. Dist.
412 Fed. Appx. 544 (3d Cir. 2011)..........................................................20

Raygor v. Regents of the Univ. of Minn.
534 U.S. 533 (2002).................................................................................14

S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.
181 F.3d 410 (1999) .................................................................................5

Schall v. Joyce
885 F.2d 101 (3d Cir. 1989).....................................................................24

Seminole Tribe of Florida v. Florida
517 U.S. 44 (1996)...................................................................................12

Shuman v. Penn Manor Sch. Dist.
422 F.3d 141 (3d Cir. 2005).....................................................................20

Stubaus v. Whitman
770 A.2d 1222 (N.J. App. Div. 2001).......................................................15

Swope v. Cenral York Sch. Dist.
796 F. Supp. 2d 592 (M.D.Pa. 2011)........................................................21

Trafton v. City of Woodbury
799 F. Supp. 2d 417 (D.N.J. 2011) .....................................................15, 17

W.B. v. Matula
67 F.3d 484 (3d Cir. 2007)........................................................................21

Washington Twp. Bd. of Educ. v. Davy
2007 WL 2990709 (D.N.J. Oct. 10, 2007) ...........................................27, 28

Will v. Mich. Dep't of State Police
491 U.S. 58 (1989)...............................................................................12, 17

Wright v. N.J. Dep't of Educ.
115 F. Supp. 3d 490 (D.N.J. 2015).............................................................12

Younger v. Harris

401 U.S. 37 (1971) ...................................................................................23

Zahl v. Harper
282 F.3d 204 (3d Cir. 2002)..................................................................24

## Federal Statutes

20 U.S.C. § 1400 et seq. ...........................................................................8

20 U.S.C. § 1415 .....................................................................................21

29 U.S.C. § 794 ........................................................................................8

42 U.S.C. § 1983 ...............................................................................*passim*

42 U.S.C. § 2000d .....................................................................................8

## State Statutes

L. 2018, c. 67 ..........................................................................................4

L. 2019, c. 150 .........................................................................................6

N.J. Stat. Ann. § 18A:6-9...........................................................................26

N.J. Stat. Ann. § 18A:7F-5(a) .....................................................................3

N.J. Stat. Ann. § 18A:7F-5(c) .....................................................................4

N.J. Stat. Ann. § 52:27B-20 ........................................................................3

## Constitutional Provisions

N.J. Const. art. VIII, § 2, ¶ 2.....................................................................3

U.S. Const. amend. XI ...............................................................................11

U.S. Const. amend. XIV, § 1 ........................................................................8

## Other Authorities

New Jersey Office of Management and Budget, Frequently Asked Questions ........2

Statement to A5600 (June 17, 2019) .........................................................................5

Statement to S2020 (June 17, 2019) .........................................................................5

## PRELIMINARY STATEMENT

The Lakewood Board of Education ("Lakewood") fails to present any valid claim to relief and the present complaint should be dismissed in its entirety. This case stems from Lakewood's dissatisfaction with the Fiscal Year 2020 ("FY20") Appropriations Act and the New Jersey Legislature's determination not to include approximately $30,000,000 in additional State aid for Lakewood that was recommended by the Governor in his annual budget message. Lakewood contends that the Legislature's decision not to appropriate such sums has caused Lakewood's students "to sustain actual damages" under federal law. It also contends that, because of the Legislature's appropriations decision, it cannot provide its students a thorough and efficient education in the 2019-2020 school year, notwithstanding a subsequent loan of approximately $36,000,000 from the New Jersey Department of Education ("Department") and a final decision by the Commissioner of Education ("Commissioner") that such a loan was sufficient. While Lakewood does not delineate the specific relief it seeks, it appears to be asking this Court to override the New Jersey Legislature's appropriations decisions and direct the Commissioner to act beyond the scope of his statutorily-delegated authority. But it is not the role of the Judiciary to accommodate Lakewood's discontent with State legislative policy.

Lakewood's claims, brought pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, are improper and beyond the jurisdiction of this Court. First, the

Department and Commissioner are immune from Lakewood's claims under the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.  And Lakewood lacks standing to bring claims on behalf of students in the district.  This Court thus lacks subject matter jurisdiction to consider those claims and the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Second, Lakewood's complaint is wholly devoid of any factual allegations in support of its claims.  It thus fails to state a claim upon which relief can be granted by this Court and the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Finally, even if this Court had jurisdiction over Lakewood's claims and Lakewood stated a valid claim to relief, this Court should abstain from adjudicating those claims in light of ongoing proceedings in New Jersey Superior Court and the significant issues of State law involved.  Lakewood's complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A.    New Jersey's State Budget Process

New Jersey operates on a fiscal year that begins on July 1 and ends on June 30 of the following calendar year.  See New Jersey Office of Management and Budget, Frequently Asked Questions, available at https://www.nj.gov/treasury/omb /faqs.shtml.  Each February or March, the Governor presents a budget message (the "Governor's Budget Message") for the next fiscal year to the Legislature.  See N.J.

Stat. Ann. § 52:27B-20.  In it, the Governor presents the balances on hand for the current fiscal year along with the administration's revenue projections for the next fiscal year, and proposes spending priorities for the next fiscal year.  N.J. Stat. Ann. § 52:27B-20.

Although the Governor has statutory authority to propose a budget, the power to expend and appropriate monies from the State treasury lies exclusively with the Legislature.  See N.J. Const. art. VIII, § 2, ¶ 2. ("No money shall be drawn from the State treasury but for appropriations made by law."); City of Camden v. Byrne, 82 N.J. 133, 148 (1980) ("[T]he power and authority to appropriate funds lie solely and exclusively with the legislative branch of government.").  Thus, before the fiscal year expires, the Legislature must pass an Annual Appropriations Act for the upcoming fiscal year.  See N.J. Const. art. VIII, § 2, ¶ 2 ("All moneys for support of the State government and for all other State purposes as far as can be ascertained or reasonably foreseen, shall be provided for in one general appropriation law covering one and the same fiscal year.").  Once signed by the Governor, the Annual Appropriations Act controls all state spending for the fiscal year.

B.    School Funding and the School District Budget Process

School funding is part of the State budget process described above.  Within two days after the Governor's Budget Message, the Commissioner must notify each public school district of the maximum amount of state aid payable to the district for

the upcoming fiscal year, which he does through a State Aid Notice.  N.J. Stat. Ann. § 18A:7F-5(a).  With the state aid figures provided by the Governor's Budget Message and the Commissioner's State Aid Notice, each school district must—on or before March 4 or March 20, depending on the date of the district's election and unless otherwise ordered by the Commissioner—adopt and submit to the Department for approval a budget that provides for a thorough and efficient education.  N.J. Stat. Ann. § 18A:7F-5(c).

Those budgets are necessarily based on the State aid figures provided by the Governor's Budget Message and the Commissioner's State Aid Notice, despite the fact that no allocation is absolute until the Annual Appropriations Act is enacted.  If the Annual Appropriations Act alters the State aid amount that will be provided to any specific school district, the Commissioner will send that school district a revised State Aid Notice.

C.     The FY20 Budget Process and Lakewood's Legal Challenges

The Governor delivered his Budget Message for FY20 on March 5, 2019. (ECF No. 1 at ¶15).  The Governor's proposed budget sought to provide State aid in addition to that otherwise provided for under New Jersey law (see L. 2018, c. 67)— Additional Transportation Aid, Additional Special Education Categorical Aid, and Provisional Stabilization Aid.  See (ECF No. 1-1).  Under the Governor's proposed

budget, Lakewood would have received approximately $30 million of State aid in addition to that calculated under L. 2018, c. 67.  (ECF No. 1 at ¶15; ECF No. 1-1).

On June 17, 2019, the Senate Budget and Appropriations Committee reported favorably on the FY20 appropriations bill (S2020).  See (ECF No. 1 at ¶18); Statement to S2020 (June 17, 2019), available at https://www.njleg.state.nj.us/2018/ Bills/S2500/2020_S1.PDF.  Also on June 17, 2019, the Assembly Budget Committee reported favorably on its FY20 appropriations bill (A5600).  See (ECF No. 1 at ¶18); Statement to A5600 (June 17, 2019), available at https://www.njleg.sta te.nj.us/2018/Bills/ A9999/5600_S1.PDF.  Neither bill included the approximately $30,000,000 of additional State aid Lakewood would have received for FY20 pursuant to the Governor's Budget Message.  See (ECF No. 1 at ¶18); Statement to S2020; Statement to A5600.

On June 19, 2019, Lakewood filed an Emergent Relief Request and Petition with the Commissioner stemming from Lakewood's lack of an approved budget for FY20 and the FY20 appropriations bills approved by the Senate Budget and Appropriations Committee and the Assembly Budget Committee.  (ECF No. 1 at ¶22); (Exh. A to Certification of Lauren A. Jensen ("Petition")).[1]  Lakewood

---

[1] On a motion to dismiss, the court may look at public records, including judicial proceedings, in addition to the allegations in the complaint.  See, e.g., S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (1999).

specifically alleged that it did not have an approved budget for FY20 "due, in part, to the Department's assurances and promises that the Department will be providing [$30 million] and additional funds and relief including, but not limited, to debt relief, loan deferments, Audit deferments, and monies to operate mandated busing." (Petition at ¶4). Through its Petition, Lakewood sought an order directing the Department to, among other things, (1) "take whatever action is required to allow the district to complete its Budget"; (2) "immediately take any and all steps to provide necessary and definite and secure funding to the District"; (3) "immediately advise the Lakewood Board of Education that public-school children will be provided with a 'T and E' education and the sources of funding as to same"; and (4) "immediately forego [from] collecting any and all previous Loans/State Aid Advances." (Petition). The Commissioner referred the Petition to the Office of Administration Law as a contested case.

On June 20, 2019, the Legislature passed its Annual Appropriations Act for FY20, which was signed into law by the Governor on June 30, 2019. L. 2019, c. 150. The FY20 Appropriations Act did not include the approximately $30,000,000 of additional State aid for Lakewood. See ibid. As a result, the Commissioner sent a letter to the State Treasurer recommending the advance of $36,033,862 in State aid to Lakewood—approximately $6,000,000 more than it stood to receive through the Governor's proposed budget. See (ECF No. 1-7). The State Treasurer approved the

recommended State aid advance and directed the Department to advance the sum of $36,033,862 to Lakewood.  (ECF No. 1-8).

On July 3, 2019, a New Jersey Administrative Law Judge ("ALJ") issued an Initial Decision finding that Lakewood failed to meet the standard for emergent relief and recommending that Lakewood's Petition be dismissed as moot.  Bd. of Educ. of Lakewood Twp. (Ocean County) v. N.J. Dep't of Educ., Initial Decision, OAL Dkt. No. EDU 08386-19 (July 3, 2019)  (Exh. B to Certification of Lauren A. Jensen). The ALJ specifically determined that the Commissioner "acted within the limits of his statutory authority to ensure that the district will have sufficient funding to provide its students a thorough and efficient education."  Ibid.

Also on July 3, 2019, Lakewood filed the present five-count Complaint against the Commissioner, in his official capacity, and the Department (collectively "the DOE Defendants"), as well as the New Jersey Legislature, Stephen M. Sweeney, in his official capacity as President of the New Jersey Senate, and Craig J. Coughlin, in his official capacity as Speaker of the New Jersey General Assembly.[2] Lakewood contends that the additional $36,000,000 in revenue from the State aid advance is insufficient in both form—in that it is a loan requiring repayment—and substance—as the district now purportedly requires a further $16,900,000 in order

---

[2] Lakewood has, to date, failed to serve the New Jersey Legislature, Stephen M. Sweeney, and Craig J. Coughlin.

to provide its students a thorough and efficient education.  (ECF No. 1 at ¶¶24, 26).

In Counts I-IV, Lakewood purports to bring claims pursuant to 42 U.S.C. § 1983

("Section 1983"), related to (I) Title VI of the Civil Rights Act of 1964 ("Title VI"),

42 U.S.C. § 2000d; (II) the Equal Protection clause of the Fourteenth Amendment,

U.S. Const. amend. XIV, § 1; (III) the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1400 et seq.; and (IV) Section 504 of the Rehabilitation Act

of 1973 ("Section 504"), 29 U.S.C. § 794.  (ECF No. 1).  Count V seeks to bring a

separate State law claim pursuant to the New Jersey Civil Rights Acts ("NJCRA").

(ECF No. 1).  In each Count, Lakewood claims that the defendants have caused the

district's students to "to sustain actual damages" by committing "acts and omissions

resulting in the removal of the Promised State Aid from the FY2020 Budget."  (ECF

No. 1 ¶¶ 33, 35, 39, 40, 45, 47, 52, 53, 57, 58).

Subsequent to Lakewood's filing of the present Complaint, the Commissioner

issued a Final Decision dismissing Lakewood's Petition.  Bd. of Educ. of the Twp.

of Lakewood, Ocean County, v. N.J. Dep't of Educ., Agency Dkt. No. 142-6/19,

Final Decision (Aug. 6, 2019) (Exh. C to Certification of Lauren A. Jensen).  The

Commissioner determined that Lakewood failed to demonstrate an entitlement to

emergent relief relating to the Legislature's decision to exclude the additional

$30,000,000 of State aid from the FY20 Appropriations Act as Lakewood admitted

it had the funds necessary to meet its constitutional obligations through March 2020

and "the Commissioner, consistent with his practice of prior years, certified to the State Treasurer that Lakewood required $36,033,862 to enable it to meet its constiutional obligations." Id. at 5.  Further, as "the Commissioner acted within the limits of his statutory authority to ensure that the district will have sufficient funding to provide its students with a thorough and efficient education," Lakewood's Petition was dismissed as moot. Id. at 5-6.  Lakewood appealed the Commissioner's decision to the New Jersey Superior Court–Appellate Division, which action remains pending in that court.  See (Exh. D. to Certification of Lauren A. Jensen).

## STANDARDS OF REVIEW

A court may grant a motion to dismiss a complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), if there is a lack of subject matter jurisdiction. Generally, it is the plaintiff's burden to establish the existence of subject matter jurisdiction.  See Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  Moreover, a motion seeking to dismiss the complaint due to sovereign immunity "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)" because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996).  However, "the party asserting Eleventh Amendment immunity (and standing

to benefit from its acceptance) bears the burden of proving its applicability." <u>Christy v. Pa. Tpk. Comm'n</u>, 54 F.3d 1140, 1144 (3d Cir. 1995).

There are two types of challenges to subject matter jurisdiction, facial or factual. <u>See</u> <u>Gould Electronics, Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000). In deciding a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." <u>Ibid.</u> In contrast, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." <u>Ibid.</u>

In addition, a court may grant a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), if the complaint fails to state a claim upon which relief can be granted. The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in the plaintiff's favor. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ibid.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). Moreover, "[t]his 'plausibility'

standard does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully." Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (citation omitted).

For the reasons set forth below, Lakewood's complaint against the DOE Defendants should be dismissed with prejudice in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

## ARGUMENT

### POINT I

### LAKEWOOD'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE THE DOE DEFENDANTS ARE IMMUNE FROM SUIT.

Lakewood's complaint seeks to impose liability, pursuant to Section 1983 and the NJCRA, against the DOE Defendants.  However, the DOE Defendants are not amenable to suit in federal court.  Specifically, Lakewood's claims are barred by sovereign immunity provided to the States, their entities, and officials by the Eleventh Amendment to the United States Constitution, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
>
> [U.S. Const. amend. XI.]

11

The Eleventh Amendment bars federal jurisdiction over lawsuits brought against a state.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669-670 (1999); Seminole Tribe of Florida v. Florida 517 U.S. 44, 54 (1996).  The underlying purpose of this immunity "is to accord the States the respect owed them as joint sovereigns." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 765 (2002) (internal quotations omitted).  Moreover, the immunity in the Eleventh Amendment also extends to state departments, agencies, and officials sued in their official capacity—when the state is the real party in interest.  See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

Here, the Department is clearly a state department and entitled to sovereign immunity as an arm of the state.  See Wright v. N.J. Dep't of Educ., 115 F. Supp. 3d 490, 494 (D.N.J. 2015); C.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000).  Similarly, the doctrine of sovereign immunity applies to Commissioner Repollet, a state official, since he has been named by Lakewood as a defendant, in his official capacity, for the purpose of obtaining monetary damages from the State of New Jersey.  Accordingly, the Eleventh Amendment bars suit against the DOE Defendants brought pursuant to Section 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).

There are "three narrowly circumscribed exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress[;] (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." M.A. ex rel. E.S. v. State Operated Sch. Dist., 344 F.3d 335, 345 (3d Cir. 2003).  None apply to this case.

The first factor, abrogation by Act of Congress, is inapplicable because Congress has not disturbed the right of a state to invoke sovereign immunity in response to a claim based upon Section 1983.  See Quern v. Jordan, 440 U.S. 332, 341 (1979); Bennett v. Atlantic City, 288 F. Supp.2d 675, 683-84 (D.N.J. 2003). The second exception, waiver by state consent to suit, must be voluntary.  See Coll. Sav. Bank, 527 U.S. at 675.  This factor is also inapplicable because there is not any plausible factual predicate in this case that will enable this court to conclude that such a waiver has occurred.  The DOE Defendants did not commence this action or consent to its institution by Lakewood.  Nor have the DOE Defendants waived sovereign immunity as to Section 1983 claims.  See Mierzwa v. United States, 282 Fed. Appx. 973, 976 (3d Cir. 2008).  Similarly, the third exception to the application of Eleventh Amendment immunity—suits against individual state officials for prospective relief to remedy an ongoing violation of federal law—is inapplicable to this case.  Lakewood does not delineate the specific relief it seeks, but premises each Count on the defendants' "acts and omissions resulting in the removal of the

Promised State Aid from the FY2020 Budget."  It follows that, as against the DOE Defendants, Lakewood seeks only monetary damages for State aid it alleges was improperly withheld by the New Jersey State Legislature. Thus, Eleventh Amendment immunity clearly applies to this case and bars Lakewood from proceeding with its Section 1983 claims against the DOE Defendants.

The Eleventh Amendment also bars Lakewood's claims against the DOE Defendants brought pursuant to the NJCRA.   States are immune from the adjudication of State law claims in federal court.  See Pennhurst State Sch. & Hosp., 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."); Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540-41 (2002) ("[T]he Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court."). And as recognized by the Supreme Court, a State does not consent to suit in federal court merely by consenting to suit in its own courts.  Coll. Sav. Bank, 527 U.S. 666; Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (explaining that, in order for a state statute to constitute a waiver of Eleventh Amendment immunity, "it must specify a state's intention to subject itself to suit in federal court"); Allen v. Fauver, 167 N.J. 69 (2001) (requiring "a clear and unequivocal statement of the

Legislature" to waive sovereign immunity in New Jersey).  As New Jersey has not consented to suit against it in federal court pursuant to the NJCRA, it is immune from such claims.  See Endl v. New Jersey, 5 F. Supp. 3d 689 (D.N.J. 2014); Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 444 (D.N.J. 2011).

As New Jersey is immune from claims pursuant to Section 1983 and the NJCRA, which comprise the entirety of Lakewood's complaint, the complaint must be dismissed in its entirety with prejudice.

## POINT II

### LAKEWOOD DOES NOT HAVE STANDING TO BRING CLAIMS ON BEHALF OF PUBLIC SCHOOL STUDENTS.

Lakewood seeks to utilize Section 1983 to bring various claims on behalf of the students who attend Lakewood public schools.  See (ECF No. 1 at ¶¶ 35, 40, 47, 53).  But Lakewood does not have standing to assert the rights of others.  A plaintiff asserting a third-party claim needs to meet three conditions: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims.  Holland v. Rosen, 895 F.3d 272 (3d Cir. 2018).  Lakewood alleges no facts that would allow it to meet all three conditions.

With regard to the first condition—that the plaintiff must suffer injury— Lakewood at no point alleges that the district itself has suffered any injury.  Indeed,

a local board of education, as an instrumentality of the State, cannot be the subject of a discriminatory practice by the State.  See Stubaus v. Whitman, 770 A.2d 1222, 1228 (N.J. App. Div. 2001); see also Hewett v. Willingboro Bd. of Educ., 421 F. Supp. 2d 814, 818 (D.N.J. 2006).  Nor does a school district have a private right of action to bring a suit under the IDEA.  Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368, 371 (3d Cir. 2005).

With regard to the second condition—that the plaintiff and the third party must have a 'close relationship'—Lakewood alleges only that it had 6,252 students enrolled in its schools on June 26, 2019.  (ECF No. 1 at ¶10).  It makes no further assertions with regard to the type of relationship that exists between the district and its students, and thus there is no basis to find the type of 'close relationship' necessary to confer third-party standing.

And with regard to the third condition—that the third party must face some obstacles that prevent it from pursuing its own claims—Lakewood does not allege the existence of any such obstacles on behalf of any of the 6,252 students who attend its schools.  Because Lakewood lacks standing to bring these claims on its own behalf, and lacks standing to bring these claims on behalf of the students who attend the district's schools, Lakewood's claims pursuant to Section 1983 must be dismissed.

## POINT III

## LAKEWOOD OTHERWISE FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED BY THIS COURT.

Lakewood's claims further fail as a matter of law because Lakewood does not state any valid claim to relief.  Initially, the DOE Defendants are not a "person" subject to suit under Section 1983 or the NJCRA.  As a general matter, Section 1983 provides a mechanism for plaintiffs to institute an action based upon claims of civil rights violations:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects. . . any citizen of the United States. .  to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

[42 U.S.C. 1983 (emphasis added).]

However, in <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 65-67, 70 (1989), the United States Supreme Court held that a state is not a "person" subject to suit under 42 U.S.C. § 1983, based in part on the Eleventh Amendment limitation on federal suits against the states.  Moreover, the holding in <u>Will</u> also applies to ". . . governmental entities that are considered 'arms of the State'. . ." and state officials acting in their official capacity.  <u>Id.</u> at 70-71.  As previously discussed, the State of New Jersey Department of Education is an "arm of the State" and the New Jersey

Commissioner of Education has been sued in this action in his official capacity. As a result, Lakewood's complaint against the State defendants, based upon Section 1983, cannot proceed.

Similarly, the NJCRA was modeled after Section 1983 and claims brought under both statutes are interpreted analogously. See Trafton, 799 F. Supp. 2d at 443. For instance, the NJCRA provides, in part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. . . .

> [N.J. Stat. Ann. § 10:6-2 (c) (emphasis added).]

And as noted in Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 n. 7 (3d Cir. 2015): "[t]he defenses and immunities applicable to federal constitutional claims apply with equal force to parallel New Jersey state constitutional claims. See generally N.J. Stat. Ann. §§ 10:6–1 et seq."  In addition, the definition of "person" set out in the NJCRA "does not include the State or defendants which are the functional equivalent of the State" for the purposes of this matter.  Didiano v. Balicki, 488 Fed. Appx. 634, 638-639 (3d Cir. 2012).   Therefore, the State

defendants are also not considered a "person" subject to suit under NJCRA.  Thus, this Court should dismiss the complaint against the DOE Defendants in its entirety because they are not a "person" for purposes of liability pursuant to Section 1983 and NJCRA.

Further, as previously noted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Ibid.  Lakewood's complaint consists entirely of "naked assertions devoid of further factual enhancements."

In Count I, Lakewood maintains that the DOE Defendants violated the rights of its students under Title VI.  However, Title VI requires that a plaintiff prove that the defendant engaged in intentional racial discrimination.  See Alexander v. Sandoval, 532 U.S. 275, 281 (2001).  Lakewood's allegation that the defendants' "acts and omissions resulting in the removal of the Promised State Aid from the FY2020 Budget affect only Lakewood, and thus affect minority students almost exclusively," (ECF No. 1 ¶33), without more, fails to support a finding of intentional discrimination by the DOE Defendants.

In Count II, Lakewood merely states that "[b]y committing the acts and omissions that resulted in the removal of the Promised State Aid . . . from the FY2020 Budget, Defendants have deprived Lakewood's students of the equal protection of the laws . . . ." (ECF No. 1 ¶39).  But in order to sustain an equal protection claim pursuant to Section 1983, plaintiffs must, in addition to other requirements, prove that "they received different treatment from that received by other individuals similarly situated." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). Lakewood does not allege that the DOE Defendants treated Lakewood differently from other similarly situated school districts.   Again, Lakewood's complaint is devoid of any facts in support its claim.

As to Count III (for an alleged violation of the IDEA) and Count IV (for an alleged violation of Section 504), such claims are not actionable through Section 1983.  See A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 802-03 (3d Cir. 2007). The IDEA provides a comprehensive statutory scheme to remedy violations of its provisions, and thus Congress did not intend Section 1983 to be available to remedy violations of the IDEA.  Ibid.; see also R.R. v. Manheim Twp. Sch. Dist., 412 Fed. Appx. 544, 550 (3d Cir. 2011) ("Congress did not intend § 1983 to be available to remedy violations of the IDEA.").  So too with regard to the viability of a Section 1983 claim based upon Section 504.  A.W. 486 F. 3d at 805-806.  Thus Lakewood's

attempt to bring IDEA and Section 504 claims through Section 1983 are barred by Third Circuit precedent and Counts III and IV must be dismissed for that reason.

And even if such claims were permitted, Lakewood would be required to fully exhaust all administrative remedies, which it has not done.  Before bringing an action in federal district court to enforce their rights under the IDEA, plaintiffs must exhaust their administrative remedies.  See 20 U.S.C. § 1415; Fry v. Napoleon Cmty. Sch., 137 S.Ct. 743 (2017); W.B. v. Matula, 67 F.3d 484, 493 (3d Cir. 2007), abrogated on other grounds by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007); Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994).  Such exhaustion of IDEA claims is a jurisdictional requirement.  Komninos, 13 F.3d at 778.  That is, a court should dismiss a claim for lack of subject matter jurisdiction if the court finds that the plaintiffs have failed to exhaust their administrative remedies.  Ibid.  And "[e]xhaustion of the IDEA's administrative remedies is required not only for actions brought under the IDEA, but also for other actions brought 'seeking relief that is also available under the IDEA.'"  Swope v. Cenral York Sch. Dist., 796 F. Supp. 2d 592, 599-600 (M.D.Pa. 2011) (citing R.R. v. Manheim Twp. Sch. Dist., 412 Fed. Appx. 544, 548-49 (3d Cir. Fed. 10, 2011)); 20 U.S.C. § 1415(l) (establishing that, before filing a civil action under any other law "seeking relief that is also available under this subchapter, the procedures under . . . this section shall be exhausted to the same extent as would be required had the

action been brought under this subchapter.").  Thus to the extent Lakewood's present claims have any footing—which they do not—Lakewood must first exhaust the available administrative remedies clearly delineated in New Jersey Administrative Code.  See N.J. Admin. Code § 6A:14-2.7.  As it has not done so, this Court lacks jurisdiction to consider Lakewood's IDEA and Section 504 claims—purportedly brought pursuant to Section 1983—and such claims must be dismissed.

Finally, Lakewood has not alleged a single fact in support of its contention in Count V that "Defendants have deprived Lakewood's students of the 'thorough and efficient' public education guaranteed to them by the State Constitution." (ECF No. 1 at ¶ 57).  Without any factual basis, Lakewood does not state a claim relating to the Thorough and Efficient Clause of the New Jersey Constitution.

Lakewood's complaint reflects its dissatisfaction with the FY20 Appropriations Act and the New Jersey Legislature's policy determination not to appropriate an additional $30,000,000 of State aid for Lakewood.  Setting aside the fact that this court lacks subject matter jurisdiction to hear this case, and that the Commissioner has determined that the additional $36 million of advance state aid provided to Lakewood has mooted any claim by Lakewood relating to its ability to provide its students a thorough and efficient education, Lakewood's dissatisfaction with the FY20 Appropriations Act and its complaint utterly devoid of any facts do

not support a federal cause of action.  Lakewood's complaint against the DOE

Defendants should be dismissed.

## POINT IV

### THE COURT SHOULD ABSTAIN FROM HEARING THIS MATTER.

Even if the Court determines that it does have jurisdiction over Lakewood's

claims—which it does not—and that Lakewood states a valid claim to relief—which

it has not—the Court should abstain from reviewing those claims.  Although federal

courts are generally obligated to exercise jurisdiction conferred upon them by

Congress, a district court should decline to exercise jurisdiction when doing so

would "clearly serve an important countervailing interest." Quackenbush v. Allstate

Ins. Co. 517 U.S. 706, 716 (1996).  The principle behind the abstention doctrines is

"deference to the paramount interests of another sovereign, and the concern is with

principles of comity and federalism." Id. at 723. As set forth below, this court should

apply the so-called Younger and Burford doctrines and abstain from hearing

Lakewood's claims.

A.    Plaintiffs' Claims Can Be Resolved Through The Proceedings Pending Before
      The New Jersey Superior Court.

Pursuant to Younger v. Harris, 401 U.S. 37 (1971), federal courts should

refrain from exercising jurisdiction over matters brought before them that would

interfere in an ongoing state proceeding concerning a substantial state interest.

Where a plaintiff seeks to inject a federal court into such a state proceeding, Younger holds that in the absence of extraordinary circumstances justifying intrusion, abstention is warranted.  Younger, 401 U.S. at 41; see also Zahl v. Harper, 282 F.3d 204, 208 (3d Cir. 2002); Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  Although Younger involved a state criminal proceeding, its application has been extended to include civil proceedings and state administrative hearings.  Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619 (1986).

Under Younger, abstention is appropriate where: (1) there is an ongoing state proceeding; (2) the proceeding implicates an important state interest; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise federal claims.  Middlesex County Ethics Comm'r v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982); Dixon v. Kuhn, 257 Fed. Appx. 553, 555 (3d Cir. 2007).

All three Younger factors warranting abstention are present here.  As stated above, there is an ongoing proceeding in the New Jersey Superior Court, where Lakewood has filed an appeal from the Commissioner's final agency decision.  The Commissioner determined that any claim by Lakewood relating to the FY20 Appropriations Act and the district's ability to provide its students a thorough and efficient education during the 2019-2020 school year was resolved by the $36,000,000 State aid advance provided to Lakewood.  Lakewood's present complaint before this Court similarly stems from the FY20 Appropriations Act and

the Legislature's determination not to appropriate an additional $30,000,000 for Lakewood.  Thus there is an ongoing state proceeding, satisfying the first <u>Younger</u> factor.  As to the second factor, this matter involves State aid, funding for the State's public education system, and the respective roles of the Legislature and the New Jersey Department of Education—"clearly . . . a matter of substantial public concern."  <u>See</u> <u>Washington Twp. Bd. of Educ. v. Davy</u>, 2007 WL 2990709, *7 (D.N.J. Oct. 10, 2007); <u>see also</u> <u>Parents Involved in Comty. Sch. v. Seattle Sch. Dist.</u>, 127 S. Ct. 2738, 2801 (2007) (noting that "education is perhaps the most important function of state and local governments").  Finally, to the extent Lakewood has a claim under any of the cited laws, those claims either were raised in the Petition filed with the Commissioner, or could have been.  For these reasons, this Court should abstain from exercising jurisdiction over Lakewood's claims in accordance with the Supreme Court's decision in <u>Younger</u>.

B.    <u>Timely and Adequate State Court Review Is Available</u>.

The Court in <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943), explained:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

Burford abstention is appropriate here.

First, timely and adequate state court review is available.  See Chiropractic America v. LaVecchia, 180 F.3d 99, 104-05 (3d Cir. 1999).  In New Jersey, the Commissioner of Education has jurisdiction to hear and decide "all controversies and disputes arising under the school laws." N.J. Stat. Ann. § 18A:6-9.  The New Jersey Administrative Code sets forth the regulatory procedures by which a party may seek review of departmental actions. See N.J. Admin. Code § 6A:3-1.1 et seq.. N.J. ADMIN. CODE § 6A:3-1.3 describes the process through which a party may initiate a contested case before the Commissioner. Once a petition of appeal is filed, the Commissioner may decide the matter or transmit it to the Office of Administrative Law ("OAL") for a hearing. N.J. Admin. Code § 6A:3-1.11. If the matter is transmitted to the OAL, the Administrative Law Judge is authorized to conduct a hearing, after which he is required to file an Initial Decision that the Commissioner may then adopt, modify, or reject. N.J. Admin. Code § 6A:3-18.1. Thereafter, a party dissatisfied with the Commissioner's final decision may appeal as of right to the Appellate Division of the Superior Court. N.J. Ct. R. 2:2-3(a)(2). Moreover, the Appellate Division has the authority to accelerate the usual briefing and oral argument schedule, and is empowered to stay agency action pending appeal. Chiropractic America, 180 F.3d at 105. If the Appellate Division declines its authority to stay agency action, a party may then submit an application for a stay

with the Supreme Court of New Jersey "when necessary to prevent irreparable injury." Id.  In Chiropractic America, the Third Circuit concluded that New Jersey's procedures for appellate review of administrative agency action are "timely and adequate" for purposes of Burford abstention.  180 F.3d at 104-05.  Thus timely and adequate state court review is available.  Indeed, Lakewood has filed a notice of appeal of the Commissioner's decision with the New Jersey Appellate Division, which is currently pending in that court.

Further, this action involves difficult questions of State law and implicates important State policies.  Specifically, the issues in this matter relate to the New Jersey State budget process, the constitutional requirement that students be provided a thorough and efficient education, and the Commissioner of Education's authority in ensuring that that constitutional requirement is met.  As previously recognized by this court, state aid and funding for the state's public education system "clearly involve[] a matter of substantial public concern," and "the legislature and State Board's current approach to education funding is 'the sort of complex technical regulatory scheme to which the Burford abstention doctrine usually is applied.'" Washington Twp. Bd. of Educ. v. Davy, 2007 WL 2990709, *7-*8 (D.N.J. Oct. 10, 2007) (quoting Chiropractic America, 180 F.3d at 105).

And this Court's review of the questions raised would interfere with the State's ongoing efforts to establish and maintain a coherent policy with regard to

State aid and adequate funding for public school districts. <u>See</u>, <u>e.g.</u>, <u>id.</u> at *8 ("[A]ddressing the federal constitutional questions involved in this action would require the Court to perform an in-depth analysis of both the New Jersey legislature's appropriations decisions as well as the legislative purposes underlying [the school funding statute]".). Thus as in <u>Washington Twp. Bd. of Educ. v. Davy</u>, this court should abstain from considering Lakewood's claims and dismiss the Complaint.

## <u>CONCLUSION</u>

Because this Court lacks subject matter jurisdiction, and because Lakewood otherwise fails to state a claim upon which relief can be granted, Lakewood's Complaint should be dismissed in its entirety with prejudice.

> Respectfully submitted,
>
> GURBIR S. GREWAL
> ATTORNEY GENERAL OF NEW JERSEY
>
> By: <u>/s/  Lauren A. Jensen                        </u>
> Lauren A. Jensen
> Deputy Attorney General

Dated: January 6, 2020