# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lakewood Board of Education, | : |
| Plaintiff, | : |
| v. | :   <u>Civil Action</u> |
| New Jersey Legislature; Stephen M. Sweeney, in his official capacity as President of the New Jersey Senate; Craig J. Coughlin, in his official capacity as Speaker of the New Jersey General Assembly; New Jersey Department of Education; Lamont O. Repollet, in his official capacity as Commissioner of the New Jersey Department of Education, | :   No. 3:19-cv-14690 (FLW/DEA) <br><br> : <br><br> :   **CERTIFICATION OF** <br> :   **LAUREN A. JENSEN** |
| Defendants. | : |

I, Lauren A. Jensen, being of full age, hereby certify that:

1. I am an attorney at law of the State of New Jersey, and am the Deputy Attorney General responsible for the care and management of this file on behalf of Defendants New Jersey Department of Education and Lamont O. Repollet. As such, I am fully familiar with the facts set forth herein.

2. Attached hereto as Exhibit A is a true and correct of Lakewood's Emergent Relief Request and Petition filed with the Commissioner of Education on June 19, 2019.

3. Attached hereto as Exhibit B is a true and correct copy of <u>Bd. of Educ. of</u>

<u>Lakewood Twp. (Ocean County) v. N.J. Dep't of Educ.</u>, Initial Decision, OAL Dkt. No. EDU 08386-19 (July 3, 2019).

4.  Attached hereto as Exhibit C is a true and correct copy of <u>Bd. of Educ. of the Twp. of Lakewood, Ocean County, v. N.J. Dep't of Educ.</u>, Agency Dkt. No. 142-6/19, Final Decision (Aug. 6, 2019).

5.  Attached hereto as Exhibit D is a true and correct copy of Lakewood's Amended Notice of Appeal filed with the New Jersey Superior Court— Appellate Division on November 6, 2019.

By:  <u>/s/  Lauren A. Jensen</u>
          Lauren A. Jensen
          Deputy Attorney General

Dated: January 6, 2020

2

# EXHIBIT A

MICHAEL I. INZELBUCH, ESQ.
1340 West County Line Road
Lakewood, New Jersey 08701
Telephone: (732) 905-0325
Fax:  (732) 905-5872
E-Mail: Michael@inzelbuchlaw.com & Sandra@inzelbuchlaw.com
Attorney for Petitioners

| LAKEWOOD BOARD OF EDUCATION<br><br>*Petitioner*<br><br>v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF EDUCATION<br>*Respondents* | BEFORE THE COMMISSIONER OF EDUCATION OF NEW JERSEY<br><br>Docket No.:_____<br><br>EMERGENT RELEIF REQUEST AND PETITION |
| --- | --- |

Petitioner, **The Lakewood Board of Education the Lakewood school District ("the school district" or "the district")** with a place of business located at 200 Ramsey Avenue, Lakewood, New Jersey 08701, hereby requests the Commissioner of Education to consider a controversy which has arisen between Petitioner and Respondent, **State of New Jersey Department of Education ("NJDOE" or Department")** whose address is 100 Riverview Plaza, P.O. Box 500, Trenton, New Jersey 08625, pursuant to the authority of the Commissioner to hear and determine controversies under the school law (N.J.S.A. 18A:6-9), by reason of the following facts:

1. The Lakewood Board of Education is a public entity who, in part, is responsible to provide a "Thorough and Efficient Education" ("T and E ") all public-school students

EMERGENT RELIEF and Petition

Page 1

Initials: L.W   MB   RF

in Lakewood, New Jersey 08701 and provide certain mandated services to more than 36,000 students who attend nonpublic schools.[1]

2. The Department of Education, Trenton, New Jersey has placed State Monitors to oversee the operations of the school district since 2014 to current.

3. The school district has been compelled to borrow millions of dollars since the 2015-16 school year to provide a "thorough and Efficient Education ", to wit, **$46, 844, 951.00** (forty six million , eight hundred forty four thousand and nine hundred and fifty one dollars) [2]. It should be noted that these monies were determined by the Department over <u>many</u> years, <u>many Administrations in Trenton</u> (whether *controlled by Republicans and Democrats*), and, upon information and belief,  with the knowledge of current leadership in Trenton to be necessary to

---

[1] For example, under current State law, mandated busing must be provided to **ALL** students who attend <u>any</u> school in Lakewood who meet certain distance requirements as delineated by State law. Despite same, the District, for example, from its local Budget must fund at an approximated cost of $710.00 per student every mandated student totaling millions of dollars per year that are needed for academics. (It should also be noted that the school district does NOT provide nor pay for any courtesy busing since 2014, however, as to public school students the cost of same is borne by the local Township government.)

[2] See detailed delineation as to same as Exhibit "A."

EMERGENT RELIEF and Petition

Page 2

Initials:

L.W    MB    RF

provide for a "T and E" education, yet, were caused to be "lent", as opposed to grants, to the school district by the State.[3][4][56]

4. The school district does not currently have an approved Budget due, in part, to the Department's assurances and promises that the Department will be providing $30,000,000.00 (thirty million) dollars and additional funds and relief including, but not limited, to debt relief, loan deferments, Audit deferments, and monies to operate mandated busing. In part, the Department has failed to provide adequate assurances to the school district that, for example, it need not pay during the upcoming school year (2019-2020) more than $12,000,000.00 million dollars as to existing loans, Audits, and Re- Bills as determined by the NJDOE as to State approved private schools for the disabled, yet, has requested of the District to approve a Budget that does not account for same.

---

[3] In anticipation for the upcoming 2019-20 school year (less than 13 days away), upon information and belief, and as advised by the Governor's office and the Department, the Department has provided extensive testimony and presentations to the State Legislature, both in writing and verbally, before many Committees in the Legislative branch. Moreover, upon information and belief, the Governor's office has advised that it too thoroughly reviewed the requisite financial need of Lakewood schools. Nevertheless, the Lakewood school district, its Administration, its students remain ready, willing, and able to directly present the FACTS to the Legislature prior to Thursday's Budget vote as the Legislature has every right to hear directly from those who will be directly affected.

[4] Lakewood school district, its students, and parents/guardians, and staff have essentially become a "vassal state" subject, in part, to the political whims and desires of many without any real change being effectuated to such pressing matters as the Funding formula,etc. .

[5] See attached correspondence from the Department and Treasury since 2015 that was obtained by the undersigned via OPRA request as Exhibit "B."

[6] Extensive testimony has been provided to ALJ Susan Scarola in appending matter by State Monitors, past and present, the Superintendent of Schools, the District's Business Administrator, and expert Mel Wynns, etc. supporting the District's well established and underfunded financial needs. A copy of an interim DECISION of the ALJ in that matter is attached hereto as Exhibit "C" .

EMERGENT RELIEF and Petition

Page 3

Initials:

L.W    MB    RF

5. Good to their word, the Department _previously_ advised the school district that it was to receive the above-mentioned monies in excess of $30 million dollars with the Honorable Governor Phil Murphy, upon information and belief, to his credit placing said monies in his Budget.

6. On Monday, June 17, 2019, upon information and belief, the Senate and Assembly Budget Committees adopted a Budget that fails to include these monies. Upon information and belief, it strongly appears that the school district and its public-school children are being led to slaughter and decimation. [7] [8]

7. The Lakewood school district has approximately 6100 plus students of which, in part, is in excess of 80% minority, 100 % free and reduced lunch, and whose demographics clearly demonstrate a population that is poor and living well below the poverty level. Moreover, the Lakewood public schools, upon information and belief, have more public-school children who are Eligible for Special Education and Related Services that any District in New Jersey with the State failing to appropriately fund same[9],[10] **The actions, or lack thereof, of the State, whether**

---

[7] Upon information and belief, the "problems" facing the public-school students of Lakewood in general terms is not lost on the Senate and Assembly leadership, however, same does not alleviate the current state of emergency.

[8] Lest it be misunderstood, should the public schools of Lakewood not receive much needed monies this will not help surrounding public school districts obtain any additional monies. (See attached student population charts as Exhibit "D". )

[9] Upon information and belief, **Senate President Steven Sweeney, to his credit**, has introduced language in the State Budget that would help many Districts throughout the State better fund public-school students who are "eligible for Special Education and Related Services.

[10] See attached Report of Sue Gamm, Esq. national expert on special education as Exhibit "E"

EMERGENT RELIEF and Petition

Page 4

Initials:

L.W    MB    RF

intended or not, are discriminatory in nature and surely have a disparate effect on minority students residing in Lakewood.

8. Upon information and belief, the Department has, in addition, today, failed to advise the District how said monies will be obtained despite the school district being obligated to provide services to the public-school students it serves. Upon information and belief, it has been "suggested" that the district reduce its public school force, enlarge class sizes that already are above State recommendations and averages, and obtain additional loans that all know it can not pay back.

9. Upon information and belief, potential "solutions" advanced not by the Superintendent nor the Board nor their representatives nor the State Monitor, nor independent consultants who the Legislature has relied upon in the past, but by others, if same can be termed "solutions", is the firing of staff, reductions in force, elimination of programs, and/or rely upon additional loans. It should be noted that the Department and its current and previous Monitors, to their credit, have stated and testified and written that the District has a revenue "problem...not an expenditure problem "that the State needs to correct.   To date, there has been no correction.   It should be further noted that the Superintendent, the Board, and the Administration will not jeopardize the current stability and progress and future status of public-school students and staff.

10. Upon information and belief, the district has now been advised by staff, vendors, etc. that contractual obligations may be adversely affected due to the lack of

EMERGENT RELIEF and Petition

Initials:

L.W      MB     RF

stability caused, in part, by the above. Ultimately, the district will need to provide <u>mandated</u> services under current laws and obligations whose cost will most likely only rise due to the "bedlam", for lack of better word, occurring.

11. The district has repeatedly requested of the current Administration and Commissioner for written and secure assurances as to the required funding, to no avail.

12. The school district has a meeting scheduled for June 24th to further discuss the Budget that it cannot hold nor accomplish without written assurances as to monies being available.  This is, again, causing the District to be in further violation of Code, etc.


**WHEREFORE,** Petitioner respectfully requests that:

1. The Department/NJDOE provide any and all requested records/documents previously requested as to the Budget and the Budget proceedings;

2. The Department/NJDOE be ORDERED to immediately take any and all steps to provide necessary and definitive and secure funding to the District;

3. In addition, and/or in the alternative, the Department/NJDOE be ORDERED to take whatever action is required to allow the district to complete its Budget;

4. The Department/NJDOE immediately advise the Lakewood Board of Education that public-school children will be provided with a "T and E "education and the sources of funding as to same ;

EMERGENT RELIEF and Petition

Page 6

Initials:

L.W     MB     RF

5. The Department immediately forego form collecting any and all previous Loans/ State Aid Advances as it knew, or should have known, that said monies were required to provide a "T and E "education and are not able to be "paid back."

6. The Department/NJDOE reimburse the Board/District for any and all costs and fees associated with the filing herein; and

7. Any and all other relief deemed appropriate and just.

Dated: June 19, 2019

MICHAEL I. INZELBUCH, ESQUIRE
ATTORNEY FOR PETITIONERS

EMERGENT RELIEF and Petition

Initials:

L.W    MB    RF

# EXHIBIT B



**State of New Jersey**
OFFICE OF ADMINISTRATIVE LAW

INITIAL DECISION
(INCORPORATING     MOTION
FOR EMERGENT RELIEF)
OAL DKT. NO. EDU 08386-19
AGENCY DKT. NO. 142-6/19

BOARD OF EDUCATION OF
LAKEWOOD TOWNSHIP,
(OCEAN COUNTY),

    Petitioner,

        v.

NEW JERSEY DEPARTMENT
OF EDUCATION,

    Respondent.

_____

    **Michael I. Inzelbuch**, Esq., appearing for petitioner

    **Lauren Jensen**, Deputy Attorney General, appearing for respondent (Gurbir S.
      Grewal, Attorney General of New Jersey, attorney)

Record Closed:  July 3, 2019              Decided:  July 3, 2019

BEFORE **SUSAN M. SCAROLA**, ALJ (Ret., on recall):

Jul. 3. 2019  1:09PM                                                          No. 6122   P. 3/15

OAL DKT. NO. EDU 08386-19

## STATEMENT OF THE CASE

Petitioner, the Board of Education of Lakewood Township (Board or district), filed this action against respondent, the New Jersey Department of Education (DOE), as an emergent-relief request and petition, including a request that the petition also be accepted as an application for emergent relief in lieu of a more formal petition. Lakewood seeks that the DOE provide any and all requested records/documents previously requested as to the [DOE] budget and the budget proceedings; that the DOE take any and all steps to provide necessary and definitive and secure funding to the Board; that the DOE take whatever action is required to allow the district to complete its budget; that the DOE immediately advise the Board that public-school children will be provided with a thorough and efficient education and the source of funding; that the DOE forego collecting any and all previous loans/State-aid advances as it knew or should have known that the monies were required to provide a thorough and efficient education and were not able to be paid back; that the DOE reimburse the Board for any and all costs and fees associated with the application; and any and all other relief deemed appropriate and just.

The DOE contends that the petition is procedurally deficient and also fails to state a claim on which relief can be granted, thereby requiring dismissal of the petition. Further as of July 1, 2019, when the Commissioner provided the state aid advance sought by the petitioner, the DOE contends the case is moot.

## BACKGROUND AND PROCEDURAL HISTORY

On or about June 19, 2019, the petitioner filed an "Emergent Relief Request and Petition" with the DOE. The Commissioner of Education transmitted the matter as "emergent" to the Office of Administrative Law (OAL), where it was filed on June 20, 2019. N.J.S.A. 52:14B-1 to -15; N.J.S.A. 52:14F-1 to -13. The petitioner supplemented its filing on June 26, 2019.

2

On June 26, 2019, the DOE filed a motion to dismiss. Oral argument was held on June 26, 2019.[1] The respondent was given until July 1, 2019, to respond to the petitioner's supplemental exhibits, and the district was given until July 3, 2019, to respond, if necessary. On July 1, 2019, before the DOE could respond, the district filed two supplementary briefs and exhibits. The DOE was given additional time to respond to these new filings, and replied on July 1 and 2, 2019. The district filed additional supplementary letters and exhibits on July 1, 2, and 3, 2019.[2] The record closed on July 3, 2019.[3]

## FACTS

Lakewood is a unique school district within New Jersey: it is comprised of approximately 6,000 enrolled public-school students, as well as approximately 31,000 non-public-school students. State aid to the district is based on the number of public-school students. This calculation impacts the amount of funds that remain available for the district to provide its enrolled students with a constitutionally-mandated thorough and efficient education, because Lakewood also has a statutory mandate to pay for the transportation and special-education costs for the non-public-school students.

Lakewood has been under the supervision of a State monitor since 2014. In addition to School Funding Reform Act funding, the district has received nearly $47 million in advance State-aid payments since the 2015–2016 school year. Under the School District Fiscal Accountability Act (SDFAA), N.J.S.A. 18A:7A-54 to -60, the Commissioner of Education can recommend to the State Treasurer that an advance State-aid payment should be made to a school district for which a State monitor has been appointed. The Commissioner's recommendation is based upon whether the payment is necessary to ensure the provision of a thorough and efficient education. N.J.S.A. 18A:7A-56(a).

---

[1] The district bused approximately 100 students, including young special-education students, to the hearing in Trenton. While hearings at the OAL are generally open to the public, and while the interest of the children is understandable, the presence of children is not necessary to impress upon this tribunal the seriousness of this matter.

[2] These pleadings contained additional requests for relief not contained in the original application.

[3] See list of exhibits.

3

In 2015–2016, the Commissioner recommended, and the district received, $4,500,000; in 2016–2017, the Commissioner recommended, and the district received, $5,640,183; and in 2017–2018, the Commissioner recommended, and the district received, $8,522,678.[4] Most recently, the Commissioner recommended, and the district received, approximately $28,000,000 in advance aid for the 2018–2019 school year. Under the SDFAA, such aid is to be repaid by the school district through automatic reductions in the State aid provided to the school district in subsequent years. N.J.S.A. 18A:7A-56(b).

As the Governor prepared his proposed State budget for fiscal year 2019–2020, an additional $30,000,000 (approximately) was earmarked for the district. However, by June 20, 2019, the Legislature had approved and submitted a budget to the Governor that eliminated this provision.  Notwithstanding that these funds had already been removed from the legislatively approved budget (appropriations act), the Board approved its budget for 2019–2020 on June 24, 2019, but made it contingent upon the receipt of the "promised" funds.

The Board states that it requires the $30,000,000 to meet its anticipated shortfall for school year 2019–2020 to meet its constitutional obligations to the public-school students to provide a thorough and efficient education, and to the non-public school students for whom it is statutorily mandated to provide services.[5] At oral argument, Lakewood represented that the relief it was seeking was an order compelling the Commissioner to write a letter to the State Treasurer to obtain the $30,000,000 in advance aid the district claims is necessary to complete its budget for the upcoming school year, and for that amount to be forthcoming from the State.[6]

---

[4] For fiscal year ending June 30, 2018, the letter was not sent from the Commissioner to the Treasurer until November 11, 2017.
[5] The basis for the $30,000,000 in aid has not been disclosed as part of these proceedings other than that the state fiscal monitors employed by the district have certified that this amount is necessary to provide Lakewood students a thorough and efficient education.
[6] Transcript at 67:

> *The Court:* So what you're saying is what you're really looking for is another letter, like the four previous letters that have been sent from the Commissioner to the Treasurer saying "Lakewood needs X dollars because it needs it to get a T&E"?
> *Mr. Inzelbuch:* Exactly.

Following oral argument on June 26, 2019, the Board advised that because the budget signed by the Governor on June 30, 2019, did not include the $30,000,000, the budget the Board had approved earlier that week was null and void, the district had no operating budget in place, and it was shutting down services effective July 1, 2019.[7] On July 1, 2019, the Board shut down the school district.

On July 2, 2019, the DOE advised that on July 1, 2019, the Commissioner had written a letter to the State Treasurer requesting that $36,033,862 be provided to the district in the form of advance aid for school year 2019–2020, and that the State Treasurer had approved the request. The DOE urges that this matter is now moot and must be dismissed. The Board has not consented to the dismissal because the removal of the funds from the governor's budget was "political" and the loan of approximately $36,000,000 recommended by the Commissioner and approved by the State Treasurer is not the same as receiving $30,000,000 in direct aid.

As of July 3, 2019, the district represents that it is the only one in the state without a certified budget and that it requires an additional $16.9 million in aid for the coming school year.

## LEGAL ANALYSIS AND CONCLUSION

### I.    Procedural Issues

The DOE has initially raised a procedural issue, namely, that the application that was filed is not in conformity with N.J.A.C. 6A:3-1.6(a), which provides:

> Where the subject matter of the controversy is a particular course of action by a district board of education or any other party subject to the jurisdiction of the Commissioner, the petitioner may include with the petition of appeal, a separate motion for emergent relief or a stay of that action pending the Commissioner's final decision in the contested case.

---

[7] The underlying "petition" indicated that Lakewood had sufficient funds to cover the school district through March 2020.

5

Here, the petitioner filed an "Emergent Relief Request and Petition." If this application is considered as a "petition," then no motion seeking emergent relief accompanied it. If the application is considered as a "motion for emergent relief," then no underlying petition seeking final relief accompanied it.

The DOE is correct that procedurally the filing is deficient. However, given the importance of the issue, the application will be treated as both a petition seeking final relief and as a motion for emergent relief without the necessity of the petitioner filing a formal motion for emergent relief, or filing supplemental pleadings.[8]

II.    **Emergent Issues**

Pursuant to N.J.A.C. 6A:3-1.6(b), an application for emergent relief shall not be granted unless it satisfies the following four standards:

> 1.    The petitioner will suffer irreparable harm if the requested relief is not granted;
>
> 2.    The legal right underlying petitioner's claim is settled;
>
> 3.    The petitioner has a likelihood of prevailing on the merits of the underlying claim; and
>
> 4.    When the equities and interests of the parties are balanced, the petitioner will suffer greater harm than the respondent will suffer if the requested relief is not granted.
>
> [See Crowe v. DeGioia, 90 N.J. 126, 132–34 (1982).]

The petitioner must meet all four criteria to prevail on its motion. See Crowe, 90 N.J. 126; DEC Electric, Inc. v. Bd. of Educ. of the S. Gloucester Cty. Reg'l High Sch. Dist. & USA Elec. Contractors, Inc., 96 N.J.A.R.2d (EDU) 789, 790 (citing DEC Electric, Inc. v. S. Gloucester Cty. Reg'l High Sch. Dist. Bd. of Educ. & USA Elec. Contractors, Inc., OAL Dkt. No. EDU 10833-95, Order Denying Emergent Relief (December 6, 1995),

---

[8] This accommodation, however, is not to be construed as precedent for accepting any other procedurally deficient filings.

adopted, Comm'r (December 26, 1995) (denied unsuccessful bidder's request for emergent relief because it was unable to establish that it would suffer immediate and irreparable harm, although it was able to establish a reasonable likelihood of success on the merits and that the parties opposing the motion would not suffer undue harm)).

The moving party has the burden to prove each of the Crowe factors by clear and convincing evidence. Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012); Waste Mgmt. of N.J. v. Union Cty. Utils. Auth., 399 N.J. Super. 508, 520 (App. Div. 2008).

Accordingly, each prong of the test must be analyzed:

**1.     Whether petitioner will suffer irreparable harm if the application is not granted.**

One of the principles for emergent relief is that relief should only be ordered to prevent irreparable harm to the petitioner. Crowe, 90 N.J. at 132–33.  Harm is irreparable when it cannot be addressed with monetary damages. Ibid. This standard contemplates that the harm also be both substantial and immediate.  Subcarrier Commc'ns, Inc. v. Day, 299 N.J. Super. 634, 638 (App. Div. 1997). "In certain circumstances, severe personal inconvenience can constitute irreparable injury justifying issuance of injunctive relief." Crowe, 90 N.J. at 133. "Pecuniary damages may be inadequate because of the nature of the injury or of the right affected." Ibid.

The district alleges that its students will suffer irreparable harm if the relief sought is not granted, namely that the Commissioner be compelled to certify to the State Treasurer that it requires $30,000,000 to meet its funding obligations.

Under N.J.S.A. 18A:7F-5(c), "[a]nnually, on or before March 4, or on or before March 20 in the case of a school district with an annual school election in November, each district board of education shall adopt, and submit to the commissioner for approval, together with such supporting documentation as the commissioner may

prescribe, a budget that provides for a thorough and efficient education."[9]  Neither the statutes nor the regulations governing school budgets specifically address the consequences of a school district's failure to adopt, or submit for approval, a budget within the prescribed time limits.  In particular, and important to this matter, there is an absence of statutory or regulatory authority addressing whether a school district that fails to adopt a budget for an upcoming school year may, or must, shut down and cease all operations upon the start of the school year.

The Board did not approve its budget until the eleventh hour—and a contingent budget at that.  By not having a budget, the Board is asserting that irreparable harm will occur because it cannot pay for services to its students.  However, the petition alleged that the district has funds available to meet its obligations through March 2020, so no financial shortfall has yet occurred.  While without a budget, the district may continue to operate if it so chooses.  The district is seeking a remedy that is in the form of monetary relief.  The failure of the district to produce a budget by the statutory date does not create an emergency warranting immediate relief when it represents that it has funds to operate.

2.     **Whether the legal right underlying petitioner's claim is well settled.**

The Board claims that the legal right underlying its claim is well settled, but it is not.  The school funding formula has been found to be constitutional.[10]  The Board contends that the district cannot spend money if it does not have an approved budget in place for the 2019–2020 school year, but it has provided no law in support of that position except to note that as State law requires the State to shut down non-essential services if it does not have an approved budget, so must the district.

The regulations concerning the budget process were designed to give districts more than adequate time to arrange for budget review and approval with the DOE. Were the district's position correct, then districts acting with a monitor across the state

---

[9] The date was adjusted by the Commissioner to March 12, 2019.
[10] Abbott ex rel. Abbott v. Burke, 199 N.J. 140 (2009).  In a separate action pending in the OAL, other petitioners allege that the school funding formula is unconstitutional as applied to Lakewood.

OAL DKT. NO. EDU 08386-19

could decline to adopt budgets in accordance with the regulations and then claim an emergency to compel the DOE to fund its services.

The district also claims that because the State monitors certified the amount necessary for the district to provide a thorough and efficient education, that the Commissioner should accept that amount without further review or analysis.   But the Commissioner can review any requests for additional aid to cover budget deficiencies in order to determine whether a district is entitled to grants or loans.   The Board has certainly availed itself of this procedure in the years preceding this application.   Indeed, for fiscal year 2017-2018, the Board passed its budget but the requested letter from the Commissioner was not issued until November 2017.

Accordingly, this prong of Crowe has not been met.

3.      **Whether petitioner is likely to be successful on the merits of its claim.**

The Board did not demonstrate at the emergent hearing that it is likely to prevail on the merits as the Commissioner had not yet determined whether to provide financial assistance to the district for the 2019–2020 school year.   The district has not shown that relief is mandated in these circumstances.   Moreover, no law or regulation requires the Commissioner to be ordered to grant additional aid to the district, although as the record closed, the DOE advised that the Commissioner did in fact send a letter to the State Treasurer to request that the advance State aid be sent to the district in the amount of $36,033,862, and further, that the treasurer has approved the request.

4.      **Whether the petitioner will suffer greater harm than respondent if the requested relief is not granted.**

No doubt the issues raised by the district are substantial, but the harm is not necessarily greater to the district than to the DOE.   Indeed, if relief were granted here, it could act as precedent for other monitored districts facing a budgetary shortfall to withhold complying with the budget regulations and to file for orders to compel the Commissioner to provide funds to them.   Such a result could cause chaos in the school

funding and budget procedures. Moreover, the district has not demonstrated that it would suffer greater harm if the relief requested were not granted, although undoubtedly, children would suffer greater harm if they could not attend school.

**Conclusion**

After weighing the <u>Crowe</u> criteria, the district has not proven clearly and convincingly that it has satisfied <u>Crowe</u>'s four prongs or that the district is entitled to emergent relief. Accordingly, the request for emergent relief must be denied because it is moot. The district received the relief it requested.

III.    **The Underlying "Petition"**

The "petition" filed in this matter, while essentially seeking emergent relief, is also being treated as an original petition. (<u>See</u> Section I.) Here, the district seeks the following:

1.    Compel the DOE to provide any and all requested records/documents previously requested as to the budget and the budget proceedings;

2.    that the DOE take any and all steps to provide necessary and definitive and secure funding to the Board;

3.    that the DOE take whatever action is required to allow the district to complete its budget;

4.    that the DOE immediately advise the Board that public-school children will be provided with a thorough and efficient education and the source of funding;

5.    that the DOE forego collecting any and all previous loans/State-aid advances as it knew or should have known that the monies were required to provide a thorough and efficient education and were not able to be paid back; and

Jul. 3. 2019  1:10PM                                                    No. 6122   P. 12/15
OAL DKT. NO. EDU 08386-19

6.      that the DOE reimburse the Board for any and all costs and fees associated with the application; and any and all other relief deemed appropriate and just.

The DOE moves to dismiss the petition for failure to state a claim on which relief can be granted and, further, because the matter is moot.  Indeed, this matter is now moot.  On July 1, 2019, the Commissioner, consistent with his practice of prior years, certified to the State Treasurer that the Board required $36,033,862 to meet its constitutional obligation.  The Commissioner has acted within the limits of his statutory authority to ensure that the district will have sufficient funding to provide its students a thorough and efficient education.  The State Treasurer has complied and has approved the loan to the district.[11]

The request for records is too vague for relief to be granted.  The request for costs is not available in this forum.  The remaining prayers for relief were resolved, as counsel for the Board represented at the hearing that the letter from the Commissioner that has now been provided would resolve this matter.  The district would like this forum to interject itself into the political process of state budget approval and the disparity between the Governor's recommended budget and that passed by the Legislature (but later signed by the Governor).  As the district seeks a political remedy, this forum is without authority to rule on those issues.  Accordingly, the matter is now moot.  "Courts should not decide cases where judgment cannot grant relief," or when the court's decision can have no practical effect on the existing controversy.  Plainfield v. Dep't of Health & Senior Servs., 412 N.J. Super. 466, 483–84 (App. Div. 2010).

The petition shall be dismissed.

---

[11] The district argues that this advance should be an outright grant and not a loan.

Jul. 3. 2019  1:10PM                                           No. 6122   P. 13/15

OAL DKT. NO. EDU 08386-19

<u>ORDER</u>

The Board having failed to meet the four-pronged test of <u>Crowe</u>, the application for emergent relief is **DENIED**.

As to any underlying claims not disposed of in the emergent application, they are moot.   Accordingly, the respondent's motion to dismiss the petition is hereby **GRANTED**.  The petition is **DISMISSED**.

I hereby **FILE** this order on application for emergent relief and this initial decision with the **COMMISSIONER OF THE DEPARTMENT OF EDUCATION** for consideration.

This order on application for emergency relief and this initial decision may be adopted, modified or rejected by the **COMMISSIONER OF THE DEPARTMENT OF EDUCATION**, who by law is authorized to make a final decision in this matter.  The final decision shall be issued without undue delay, but no later than forty-five days following the entry of this order.   If the **COMMISSIONER OF THE DEPARTMENT OF EDUCATION** does not adopt, modify or reject this order within forty-five days, this recommended order shall become a final decision on the issue of emergent relief and a final decision in accordance with N.J.S.A. 52:14B-10.

OAL DKT. NO. EDU 08386-19

Within thirteen days from the date on which this recommended decision was mailed to the parties, any party may file written exceptions with the **COMMISSIONER OF THE DEPARTMENT OF EDUCATION, ATTN:  BUREAU OF CONTROVERSIES AND DISPUTES, 100 Riverview Plaza, 4th Floor, PO Box 500, Trenton, New Jersey 08625-0500,** marked "Attention:  Exceptions."  A copy of any exceptions must be sent to the judge and to the other parties.

July 3, 2019

DATE

**SUSAN M. SCAROLA**, ALJ

(Ret., on recall)

Date Received at Agency: July 3, 2019

Date Mailed to Parties:

SMS/cb

13

OAL DKT. NO. EDU 08386-19

## APPENDIX

## WITNESSES

**For petitioner:**

    None

**For respondent:**

    None

## EXHIBITS

**For petitioner:**

| | |
|---|---|
| June 20, 2019 | Petition with Exhibits A – E |
| June 25, 2019 | Supplemented Petition with Exhibits A – L |
| June 26, 2019 | Opposition to Motion to Dismiss |
| June 26, 2019 | Email with Exhibits |
| June 27, 2019 | Correspondence |
| June 27, 2019 | Correspondence with Exhibits A – D |
| June 27, 2019 | Correspondence with Flash Drive |
| June 28, 2019 | Correspondence with Exhibits A – E |
| July 1, 2019 | Correspondence with Exhibits |
| July 1, 2019 | Correspondence with Exhibits and Flash Drive |
| July 1, 2019 | Emails (3:28 p.m., 3:34 p.m. and 3:43 p.m.) |
| July 2, 2019 | Correspondence with Certifications |
| July 2, 2019 | Emails (1:24 p.m., 4:14 p.m. and 4:20 p.m.) |
| July 2, 2019 | Correspondence with Exhibits |
| July 3, 2019 | Correspondence with Exhibits A – I |

**For respondent:**

| | |
|---|---|
| June 25, 2019 | Motion to Dismiss – Brief and Certification |
| July 1, 2019 | Correspondence |
| July 2, 2019 | Emails (11:57 a.m. and 1:22 p.m.) |

# EXHIBIT C

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

202-19

# New Jersey Commissioner of Education

## Final Decision

Board of Education of the Township of
Lakewood, Ocean County,

     Petitioner,

     v.

New Jersey Department of Education,

     Respondent.

## Synopsis

In June 2019, the Board of Education of the Township of Lakewood (Lakewood) filed an application for emergent relief and a petition seeking, *inter alia,* state aid of approximately $30,000,000 to enable the Lakewood school district to provide its students with a thorough and efficient education. Such funding had been included in the Governor's proposed budget for 2019-2020, but was eliminated from the final budget as approved by the Legislature and signed by the Governor. Lakewood argued that the promised funding was required to meet its anticipated shortfall for the 2019-2020 school year. The Department contended that Lakewood's petition was procedurally deficient and failed to state a claim upon which relief can be granted, thereby requiring dismissal of the petition. Following a June 26, 2019 hearing on the matter, Lakewood announced it was shutting down the school district effective July 1, 2019, despite the fact that its underlying petition indicated that the school district had sufficient funds to cover operations through March 2020. The Department subsequently argued that the within matter is now moot, because on July 1, 2019, the Commissioner certified to the State Treasurer that Lakewood required $36,033,862 to enable it to meet its constitutional obligations, and the State Treasurer subsequently approved a loan in that amount to the district.

The ALJ found, *inter alia,* that: although Lakewood failed to file the required formal motion for emergent relief, and instead combined a request for an emergent hearing with a petition seeking final relief, an accommodation for the procedurally deficient filing was allowed because of the importance of the issue herein; however, such accommodation must not be construed as precedent for accepting other procedurally deficient filings; Lakewood has failed to demonstrate entitlement to emergent relief pursuant to *Crowe v. DeGioia,* 90 *N.J.* 126 (1982), and codified at *N.J.A.C.* 6A:3-1.6; further, on July 1, 2019, the Commissioner certified to the State Treasurer that Lakewood required $36,033,862 to enable it to meet its constitutional obligations; and the State Treasurer subsequently approved a loan in that amount to the district, which has rendered the matter moot. Accordingly, the ALJ granted the Department's motion to dismiss the petition.

Upon a comprehensive review, the Commissioner concurred with the findings and conclusions of the ALJ, and adopted the Initial Decision of the OAL as the final decision in this matter. The petition was dismissed.

This synopsis is not part of the Commissioner's decision. It has been prepared for the convenience of the reader. It has been neither reviewed nor approved by the Commissioner.

August 6, 2019

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18
202-19

OAL Dkt. No. EDU 8386-19
Agency Dkt. No. 142-6/19

### New Jersey Commissioner of Education

### Final Decision

Board of Education of the Township of
Lakewood, Ocean County,

     Petitioner,

     v.

New Jersey Department of Education,

     Respondent.

       The record of this matter and the Initial Decision of the OAL have been reviewed, as have the exceptions filed pursuant to *N.J.A.C.* 1:1-18.4 by the petitioner, the Lakewood Township Board of Education (Lakewood), and the New Jersey Department of Education's (Department) reply thereto.[1]  In this matter, Lakewood filed a petition of appeal and a motion for emergent relief [2] seeking the state aid (approximately $30,000,000) that was promised during budget proceedings which will enable it to provide its students with a thorough and efficient education.[3]

       Following a hearing at the OAL on the emergent application, the ALJ found that Lakewood failed to demonstrate entitlement to emergent relief pursuant to *Crowe v. DeGioia,* 90

---

[1] Lakewood filed a sur-reply to the Department's reply exceptions that was not considered because *N.J.A.C.* 1:1-18.4 makes no provision for sur-replies to reply exceptions.

[2] As noted in the Initial Decision, Lakewood did not file a formal motion for emergent relief, which is required; however, given the importance of the issue, the ALJ treated the application as both a petition of appeal seeking final relief and as a motion for emergent relief.

[3] Lakewood sought additional relief connected to the budget, which is outlined in the Initial Decision.

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

*N.J.* 126 (1982), and codified at *N.J.A.C.* 6A:3-1.6.  The ALJ also found that the underlying petition of appeal should be dismissed as moot because on July 1, 2019, the Commissioner certified to the State Treasurer that Lakewood required $36,033,862 to enable it to meet its constitutional obligations, and the State Treasurer subsequently approved a loan in that amount to the district.  Therefore, the ALJ granted the Department's motion to dismiss the petition of appeal as moot.

In its exceptions, Lakewood maintains that the Initial Decision should be modified or rejected in a manner sufficient to rectify purported factual and legal deficiencies set forth in the Initial Decision.  Lakewood first contends that the ALJ mischaracterized the relief sought, as the Initial Decision indicates that Lakewood sought $30,000,000 in advance aid, when in fact Lakewood was seeking the $30,000,000 in direct State aid that was originally promised by the Governor during the budget process.[4]

Lakewood also reiterated its arguments from the proceedings below, taking exception to the ALJ's analysis of the *Crowe* factors that must be established for emergent relief to be granted.  Lakewood emphasizes that its students will suffer irreparable harm without the additional State aid promised in the Governor's budget because Lakewood lacks the financial resources to adopt a budget, as required by *N.J.S.A.* 18A:7F-5(c)[5], sufficient to provide a thorough and efficient education for its students. Moreover, the failure to supply the monetary relief that was sought actually resulted in a break in services to students -- a judicially recognized form of irreparable harm – when Lakewood ceased operations on July 1, 2019.

---

[4] Direct aid and advance aid for school districts are discussed more fully by the ALJ on pages 3-4 of the Initial Decision.

[5] *N.J.S.A.* 18A:7F-5(c), provides "[a]nnually, on or before March 4 … each district board of education shall adopt, and submit to the Commissioner for approval, … a budget that provides for a thorough and efficient education."

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

Next, Lakewood contends that the ALJ erroneously concluded that Lakewood failed to demonstrate a well-settled right to the relief sought. New Jersey's Constitution and the case law clearly provide that it is the duty of the Commissioner to ensure that every school district provides a thorough and efficient school system. Lakewood argues that the Commissioner conceded Lakewood's well-settled right to the relief sought in his letter dated July 1, 2019. Likewise, with respect to a likelihood of success on the merits, based on the concessions in the July 1, 2019 letter, Lakewood contends that there is no dispute that Lakewood requires the funds at issue, and thus it has already prevailed on the merits.

Finally, Lakewood maintains that the children of Lakewood would suffer greater harm if they are not able to attend school than any potential harm that could come to the Department, including the potential chaos to the budget process that the ALJ wrongfully found in the Initial Decision. For the foregoing reasons, the ALJ's legal conclusions as to all four of the *Crowe* factors should be rejected and replaced with conclusions in Lakewood's favor considering the Department's written concessions and the ample legal support for Lakewood's position.

In its exceptions, Lakewood also argues that the ALJ improperly determined that the underlying claims are now moot. The removal of $30,000,000 in State aid from the Governor's budget has not been resolved, but rather the Department now attempts to paper over the issue with a gargantuan loan. Since it is undisputed that Lakewood requires an additional $36,000,000 in order to vindicate its students' constitutional rights, these monies must be in the form of direct State aid as originally proposed by the Governor, rather than a loan. Therefore, the Initial Decision's conclusion that this matter is moot should be rejected.[6]

---

[6] All of the arguments advanced by Lakewood in its exceptions were fully considered by the Commissioner; however, not every argument merited discussion herein.

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

In reply, the Department asserts that the Initial Decision denying Lakewood's request for emergent relief and granting the Department's motion to dismiss should be adopted as the final decision in this matter. First, the Department contends that the ALJ properly found that Lakewood failed to establish any of the *Crowe* factors required for entry of emergent relief. Specifically, the Department stresses that Lakewood failed to timely approve its budget and ceased operations, which was a self-created emergency that does not constitute irreparable harm, particularly in light of Lakewood's admission that it had funds available to meet its obligations through March 2020. As the ALJ stated, "[t]he failure of the district to produce a budget by the statutory date does not create an emergency warranting immediate relief when it represents that it has funds to operate." (Initial Decision at 8). Additionally, Lakewood cannot choose to cease district operations over the State's political budget process, and then claim that any hypothetical harm to the students it serves is irreparable. The Department also addressed and replied to Lakewood's exceptions in connection with the remaining *Crowe* factors.

Regarding the viability of Lakewood's underlying claim, the Department agrees with the ALJ that, to the extent Lakewood is seeking consequential relief in the form of revenue to cover any alleged shortfalls in its FY2020 operating budget, the matter is moot. Despite Lakewood's contention that the matter is not moot because the original issue presented [is] the removal of $30,000,000 in State aid from the Governor's budget, the ALJ correctly rejected Lakewood's efforts to have the OAL "interject itself into the political process of state budget approval." (Initial Decision at 11). The Department further argues that the Commissioner lacks the authority to provide Lakewood with aid that the Legislature did not appropriate. Lakewood has received aid in the amount that it requested in its petition, which are sufficient funds to provide its students with a thorough and efficient education. Therefore, the Commissioner

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

should adopt the ALJ's determination that Lakewood's claims are now moot and adopt the Initial Decision as the final decision in this matter.

Upon a comprehensive review of the record in this matter, the Commissioner concurs with the ALJ – for the reasons thoroughly set forth in the Initial Decision – that Lakewood has failed to demonstrate an entitlement to emergent relief pursuant to *Crowe, supra*. Notably, the essence of Lakewood's irreparable harm argument is that without the State aid promised in the Governor's budget, Lakewood was unable to comply with *N.J.S.A.* 18A:7F-5(c) as it lacked the financial resources to submit a budget sufficient to provide a thorough and efficient education. Lakewood further alleges that its inability to comply with *N.J.S.A.* 18A:7F-5(c), forced it to shut down services on July 1, 2019. Yet, Lakewood admittingly had the funds necessary to meet its obligations to provide a thorough and efficient education through March 2020, so clearly no financial shortfall was imminent. Moreover, on July 1, 2019, the Commissioner, consistent with his practice of prior years, certified to the State Treasurer that Lakewood required $36,033,862 to enable it to meet its constitutional obligations. The Commissioner likewise agrees with the ALJ's determination that Lakewood did not establish any of the remaining *Crowe* factors.

The Commissioner is also in accord with the ALJ's determination that the underlying petition should be dismissed as moot. As discussed above, on July 1, 2019, the Commissioner certified to the State Treasurer that Lakewood required $36,033,862 to meet its constitutional obligations. As the ALJ succinctly stated, "[t]he Commissioner has acted within the limits of his statutory authority to ensure that the district will have sufficient funding to provide its students [with] a thorough and efficient education. The State Treasurer has complied and has approved the loan to the district." (Initial Decision at 11). Further, to the extent

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

Lakewood is seeking a political remedy – i.e. recourse for the disparity between the Governor's recommended budget and the budget passed by the Legislature – this forum does not have any authority to rule on that request. Finally, the Commissioner is not persuaded that the exceptions filed by Lakewood dictate a different result, because the objections outlined therein were previously raised before the ALJ and were clearly taken into account by her in denying emergent relief and determining that Lakewood's underlying claim is now moot. Accordingly, the Initial Decision is adopted as the final decision in this matter and the petition of appeal is hereby dismissed.[7]

IT IS SO ORDERED. [8]

COMMISSIONER OF EDUCATION

Date of Decision:  8/06/19
Date of Mailing:  8/06/19

---

[7] The Commissioner concurs with the ALJ's determination that Lakewood's request for records is too vague and that the request for costs is not available in this forum.

[8] This decision may be appealed to the Appellate Division of the Superior Court pursuant to *P.L.* 2008, *c.* 36. (*N.J.S.A.* 18A:6-9.1).

6

# EXHIBIT D

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

<table>
<tr><td colspan="2" align="center">New Jersey Judiciary<br>Superior Court - Appellate Division<br><b>Amended Notice of Appeal</b></td></tr>
<tr>
<td>TITLE IN FULL (AS CAPTIONED BELOW)<br><br><b>BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD, OCEAN COUNTY, PETITIONER</b><br><b>V.</b><br><b>NEW JERSEY DEPARTMENT OF EDUCATION, RESPONDENT</b></td>
<td>ATTORNEY / LAW FIRM / PRO SE LITIGANT<br><br>NAME<br><b>MICHAEL I INZELBUCH, Esq.</b><br><br>STREET ADDRESS<br><b>1340 WEST COUNTY LINE RD</b></td>
</tr>
</table>

| CITY **LAKEWOOD** | STATE **NJ** | ZIP **08701** | PHONE NUMBER **732-905-0325** |
|---|---|---|---|

EMAIL ADDRESS
**MICHAEL@INZELBUCHLAW.COM**
**SANDRA@INZELBUCHLAW.COM (\*)**

**ON APPEAL FROM**

| TRIAL COURT JUDGE | TRIAL COURT OR STATE AGENCY **EDUCATION** | TRIAL COURT OR AGENCY NUMBER **8386-19** |
|---|---|---|

Notice is hereby given that   **BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD, OCEAN COUNTY** _____ appeals to the Appellate Division from a ☐ Judgment or    ☐ Order entered on _____ in the ☐ Civil ☐ Criminal or   ☐ Family Part of the Superior Court   ☐ Tax Court or from a ■ State Agency decision entered on   <u>08/06/2019</u>

If not appealing the entire judgment, order or agency decision, specify what parts or paragraphs are being appealed.

**\*\*\*EXPLAIN BRIEFLY THE REASON FOR AMENDING THE NOTICE OF APPEAL**

  **To Correct caption and/or format**

For criminal, quasi-criminal and juvenile actions only:

Give a concise statement of the offense and the judgment including date entered and any sentence or disposition imposed:

This appeal is from a ☐ conviction   ☐ post judgment motion   ☐ post-conviction relief   ☐ pre-trial detention

If post-conviction relief, is it the   ☐ 1st    ☐ 2nd    ☐ other _____
specify

Is defendant incarcerated?    ☐ Yes    ☐ No

Was bail granted or the sentence or disposition stayed? ☐ Yes    ☐ No

If in custody, name the place of confinement:

Defendant was represented below by:

   ☐ Public Defender    ☐ self    ☐ private counsel _____

(\*) truncated due to space limit. Please find full information in the additional pages of the form.
Revised effective: 09/01/2008, CN 10502 (Notice of Appeal)

**FILED,** Clerk of the Appellate Division, November 06, 2019, **A-005687-18**

| | specify |
|---|---|

Notice of appeal and attached case information statement have been served where applicable on the following:

| | Name | Date of Service |
|---|---|---|
| Trial Court Judge | | |
| Trial Court Division Manager | | |
| Tax Court Administrator | | |
| State Agency | EDUCATION | 11/06/2019 |
| Attorney General or Attorney for other Governmental body pursuant to *R.* 2:5-1(a), (e) or (h) | | 11/06/2019 |

Other parties in this action:

| Name and Designation | Attorney Name, Address and Telephone No. | Date of Service |
|---|---|---|
| **STATE OF NEW JERSEY** | **JENNIFER VICTOR HOFF, Esq.**<br>**ATTORNEY GENERAL LAW**<br>**25 MARKET ST**<br>**PO BOX 112**<br>**TRENTON NJ 08625-0106**<br>**609-984-3900**<br>**JENNIFER.HOFF@LAW.NJOAG.GOV** | **11/06/2019** |
| **STATE OF NEW JERSEY** | **GEOFFREY NELSON STARK, Esq.**<br>**ATTORNEY GENERAL LAW**<br>**25 MARKET ST**<br>**PO BOX 112**<br>**TRENTON NJ 08625-0106**<br>**609-984-3900**<br>**GEOFFREY.STARK@LAW.NJOAG.GOV** | **11/06/2019** |
| **STATE OF NEW JERSEY** | **MELISSA H RAKSA, Esq.**<br>**ATTORNEY GENERAL LAW**<br>**25 MARKET ST**<br>**PO BOX 112**<br>**TRENTON NJ 08625-0106**<br>**609-984-3900**<br>**DOL.APPEALS@LAW.NJOAG.GOV** | **11/06/2019** |

Attached transcript request form has been served where applicable on the following:

| | Name | Date of Service |
|---|---|---|
| Transcript Office | | |
| Court Reporter (if applicable) | | |
| Supervisor of Court Reporters | | |
| Clerk of the Tax Court | | |

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

| State Agency | **EDUCATION** | 11/06/2019 |
|---|---|---|

Exempt from submitting the transcript request form due to the following:

☐

☐ Transcript in possession of attorney or pro se litigant (four copies of the transcript must be submitted along with an electronic copy).

List the date(s) of the trial or hearing:

☐ Motion for abbreviation of transcript filed with the court or agency below.  Attach copy.

☐ Motion for free transcript filed with the court below.  Attach copy.

I certify that the foregoing statements are true to the best of my knowledge, information and belief.  I also certify that, unless exempt, the filing fee required by *N.J.S.A.* 22A:2 has been paid.

| 11/06/2019 | s/ MICHAEL I INZELBUCH, Esq. |
|---|---|
| Date | Signature of Attorney or Pro Se Litigant |

MICHAEL@INZELBUCHLAW.COM,SANDRA@INZEL
BAR ID #   042141993      EMAIL ADDRESS BUCHLAW.COM

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18

| | New Jersey Judiciary<br>Superior Court - Appellate Division<br>Amended Notice of Appeal |
|---|---|

| Additional appellants continued below |
|---|

| Additional respondents continued below |
|---|

**Respondent's Attorney**      Email Address: **GEOFFREY.STARK@LAW.NJOAG.GOV,**

| ☐ Plaintiff | ■ Defendant | ☐ Other (Specify) | |
|---|---|---|---|

| Name<br>**GEOFFREY NELSON STARK, Esq.** | | Client<br>**STATE OF NEW JERSEY** | |
|---|---|---|---|

| Street Address<br>**25 MARKET ST PO BOX 112** | City<br>**TRENTON** | State<br>**NJ** | Zip<br>**08625-0106** | Telephone Number<br>**609-984-3900** |
|---|---|---|---|---|

**Respondent's Attorney**      Email Address: **DOL.APPEALS@LAW.NJOAG.GOV,**

| ☐ Plaintiff | ■ Defendant | ☐ Other (Specify) | |
|---|---|---|---|

| Name<br>**MELISSA H RAKSA, Esq.** | | Client<br>**STATE OF NEW JERSEY** | |
|---|---|---|---|

| Street Address<br>**25 MARKET ST PO BOX 112** | City<br>**TRENTON** | State<br>**NJ** | Zip<br>**08625-0106** | Telephone Number<br>**609-984-3900** |
|---|---|---|---|---|

| Additional parties continued below |
|---|

| Appellant's attorney email address continued below |
|---|

PARTY NAME: BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD, OCEAN COUNTY
ATTORNEY NAME: MICHAEL I INZELBUCH, Esq.
MICHAEL@INZELBUCHLAW.COM
SANDRA@INZELBUCHLAW.COM
TAYLOR@INZELBUCHLAW.COM

| Respondent's attorney email address continued below |
|---|

PARTY NAME: STATE OF NEW JERSEY   ATTORNEY NAME: GEOFFREY NELSON STARK, Esq.
GEOFFREY.STARK@LAW.NJOAG.GOV
PARTY NAME: STATE OF NEW JERSEY   ATTORNEY NAME: MELISSA H RAKSA, Esq.
DOL.APPEALS@LAW.NJOAG.GOV

| Additional Party's attorney email address continued below |
|---|

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18, AMENDED

New Jersey Judiciary
Superior Court - Appellate Division
## Civil Case Information Statement

| AMENDED FOR:   Amended to Correct Caption | |
|---|---|
| Title in Full<br>**BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD,<br>OCEAN COUNTY, PETITIONER<br>V.<br>NEW JERSEY DEPARTMENT OF EDUCATION, RESPONDENT** | Trial Court or Agency Docket Number<br>**8386-19** |

• Attach additional sheets as necessary for any information below.

**Appellant's Attorney**     Email Address:  **MICHAEL@INZELBUCHLAW.COM**
**SANDRA@INZELBUCHLAW.COM (*)**

■ Plaintiff   ☐ Defendant   ☐ Other (Specify)

| Name<br><br>**MICHAEL I INZELBUCH, Esq.** | Client<br>**BOARD OF EDUCATION OF THE<br>TOWNSHIP OF LAKEWOOD, OCEAN<br>COUNTY** | | |
|---|---|---|---|
| Street Address<br>**1340 WEST COUNTY LINE RD** | City<br>**LAKEWOOD** | State  Zip<br>**NJ      08701** | Telephone Number<br>**732-905-0325** |

**Respondent's Attorney \***   Email Address: **JENNIFER.HOFF@LAW.NJOAG.GOV**

☐ Plaintiff   ■ Defendant   ☐ Other (Specify)

| Name<br>**JENNIFER VICTOR HOFF, Esq.** | Client<br>**STATE OF NEW JERSEY\*** | | |
|---|---|---|---|
| Street Address<br>**25 MARKET ST PO BOX 112** | City<br>**TRENTON** | State  Zip<br>**NJ      08625-0106** | Telephone Number<br>**609-984-3900** |

Give Date and Summary of Judgment, Order, or Decision Being Appealed and Attach a Copy:
**The Lakewood Board of Education ("Lakewood") appeals from the Final Agency Decision of the Commissioner of Education dated August 6, 2019, in which the Commissioner denied as moot Lakewood's Petition for the restoration of $30,000,000 in direct state aid provided in the Governor's proposed budget but later removed by the Legislature, and, the overall failure of the NJDOE to provide adequate funding.**

Have all the issues as to all the parties in this action, before the trial court or agency, been disposed? (There may not be any claims against any party in the trial court or agency, either in this or a consolidated action, which have not been disposed. These claims may include counterclaims, cross-claims, third-party claims, and applications for counsel fees.)     ☐ Yes  ■ No

If outstanding claims remain open, has the order been properly certified as final pursuant to R. 4:42-2?     ☐ Yes ☐ No ■ N/A

A) If the order has been properly certified, attach copies of the order and the complaint and any other relevant pleadings to the order being appealed. Attach a brief explanation as to why the order qualified for certification pursuant to R. 4:42-2.

B) If the order has not been certified or has been improperly certified, leave to appeal must be sought. (See R. 2:2-4; 2:5-6.) Please note that an improperly certified order is not binding on the Appellate Division.

If claims remain open and/or the order has not been properly certified, you may want to consider filing a motion for leave to appeal or submitting an explanation as to why you believe the matter

---

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18, AMENDED

is final and appealable as of right.

Were any claims dismissed without prejudice?                                              ☐ Yes   ■ No

If so, explain and indicate any agreement between the parties concerning future disposition of those claims.

Is the validity of a statute, regulation, executive order, franchise or constitutional provision of this State      ☐ Yes   ■ No
being questioned? (R. 2:5-1(g))

Give a Brief Statement of the Facts and Procedural History:

On June 19, 2019, Lakewood filed an application for emergent relief and a petition seeking, among other things, direct state aid of approximately $30,000,000 to enable it to provide its students with a Thorough and Efficient ("T&E") public education as well as the overall failure of the NJDOE to provide adequate funding. This funding had been included in the Governor's proposed budget for 2019-2020, but was eliminated from the final budget by the Legislature. Following a June 26 administrative hearing on the matter, Lakewood ceased operations on Monday, July 1, 2019, due to the absence of both funding and a budget. Later that day, the Commissioner certified to the State Treasurer that Lakewood required $36,033,862 in order to meet its constitutional obligations, and the State Treasurer approved a loan in that amount to Lakewood. Based on this loan, the ALJ entered an Initial Decision on July 3 concluding that Lakewood could not satisfy the standard for emergent relief and that its petition was moot. On August 6, 2019, the Commissioner adopted the ALJ's Initial Decision.

To the extent possible, list the proposed issues to be raised on the appeal as they will be described in appropriate point headings pursuant to R. 2:5-2(a)(6). (Appellant or cross-appellant only.):

(1) The Commissioner erred in finding Lakewood's petition moot, since the form of aid provided by the State Treasurer's loan fundamentally differed from the direct state aid originally promised by the Governor and sought in Lakewood's petition.
(2) The Commissioner erred in finding Lakewood's petition moot, since the State Treasurer's load did not supply Lakewood with sufficient monied to fund a thorough and efficient education for its students.
(3) The Commissioner erred by framing Lakewood's petition as a political issue rather than a civil-rights issue, and, thus, failing to reach the merits of Lakewood's claims under the thorough and efficient ("T&E") clause.
(4) The Commissioner erred by rendering a decision contrary to the record evidence, in light of the uncontested evidence that greater direct state aid was necessary to enable Lakewood to provide a constitutionally adequate education to its students.

If you are appealing from a judgment entered by a trial judge sitting without a jury or from an order of the trial court, complete the following:

1.   Did the trial judge issue oral findings or an opinion? If so, on what date?  **08/06/2019**          ■ Yes   ☐ No

2.   Did the trial judge issue written findings or an opinion? If so, on what date?  **08/06/2019**      ■ Yes   ☐ No

3.   Will the trial judge be filing a statement or an opinion pursuant to R. 2:5-1(b)?       ☐ Yes ■ No ☐ Unknown

**Caution:** Before you indicate that there was neither findings nor an opinion, you should inquire of the trial judge to determine whether findings or an opinion was placed on the record out of counsel's presence or whether the judge will be filing a statement or opinion pursuant to R. 2:5-1(b).

Date of Your Inquiry:

1. Is there any appeal now pending or about to be brought before this court which:

(A)   Arises from substantially the same case or controversy as this appeal?                  ☐ Yes   ■ No

(B)   Involves an issue that is substantially the same, similar or related to an issue in this appeal? ☐ Yes   ■ No

If the answer to the question above is Yes, state:

Case Title                          Trial Court Docket#           Party Name

(*) truncated due to space limit.  Please find full information in the additional pages of the form.
Revised: 04/02/2016, CN 10501 (Appellate Civil CIS)                                          page 2 of 4

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18, AMENDED

2.  Was there any prior appeal involving this case or controversy?     ☐ Yes   ■ No

If the answer to question above is Yes, state:

| Case Name and Type (direct, 1st PCR, other, etc.) | Appellate Division Docket Number |
| --- | --- |

Civil appeals are screened for submission to the Civil Appeals Settlement Program (CASP) to determine their potential for settlement or, in the alternative, a simplification of the issues and any other matters that may aid in the disposition or handling of the appeal. Please consider these when responding to the following question. A negative response will not necessarily rule out the scheduling of a preargument conference.

State whether you think this case may benefit from a CASP conference.     ☐ Yes   ■ No
Explain your answer:
**This appeal concerns Lakewood's students' fundamental constitutional right to a thorough and efficient ("T&E") public education, which right cannot be vindicated in the context of mediation or settlement proceedings.**

Whether or not an opinion is approved for publication in the official court report books, the Judiciary posts all Appellate Division opinions on the Internet.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| | |
| --- | --- |
| **BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD, OCEAN COUNTY** | **MICHAEL I INZELBUCH, Esq.** |
| Name of Appellant or Respondent | Name of Counsel of Record (or your name if not represented by counsel) |
| **11/06/2019** | **s/ MICHAEL I INZELBUCH, Esq.** |
| Date | Signature of Counsel of Record (or your signature if not represented by counsel) |
| **042141993** | **MICHAEL@INZELBUCHLAW.COM,SANDRA@INZELBUCHLAW.COM** |
| Bar # | Email Address |

FILED, Clerk of the Appellate Division, November 06, 2019, A-005687-18, AMENDED

| | New Jersey Judiciary<br>Superior Court - Appellate Division<br>CIVIL Case Information Statement |
|---|---|

| Additional appellants continued below |
|---|
| Additional respondents continued below |

**Respondent's Attorney**   Email Address: GEOFFREY.STARK@LAW.NJOAG.GOV,

☐ Plaintiff   ■ Defendant   ☐ Other (Specify)

| Name<br>GEOFFREY NELSON STARK, Esq. | | | Client<br>STATE OF NEW JERSEY | | |
|---|---|---|---|---|---|
| Street Address<br>25 MARKET ST PO BOX 112 | City<br>TRENTON | State<br>NJ | Zip<br>08625-0106 | Telephone Number<br>609-984-3900 | |

**Respondent's Attorney**   Email Address: DOL.APPEALS@LAW.NJOAG.GOV,

☐ Plaintiff   ■ Defendant   ☐ Other (Specify)

| Name<br>MELISSA H RAKSA, Esq. | | | Client<br>STATE OF NEW JERSEY | | |
|---|---|---|---|---|---|
| Street Address<br>25 MARKET ST PO BOX 112 | City<br>TRENTON | State<br>NJ | Zip<br>08625-0106 | Telephone Number<br>609-984-3900 | |

| Additional parties continued below |
|---|

| Appellant's attorney email address continued below |
|---|
| PARTY NAME: BOARD OF EDUCATION OF THE TOWNSHIP OF LAKEWOOD, OCEAN COUNTY<br>ATTORNEY NAME: MICHAEL I INZELBUCH, Esq.<br>MICHAEL@INZELBUCHLAW.COM<br>SANDRA@INZELBUCHLAW.COM<br>TAYLOR@INZELBUCHLAW.COM |
| Respondent's attorney email address continued below |
| PARTY NAME: STATE OF NEW JERSEY   ATTORNEY NAME: GEOFFREY NELSON STARK, Esq.<br>GEOFFREY.STARK@LAW.NJOAG.GOV<br>PARTY NAME: STATE OF NEW JERSEY   ATTORNEY NAME: MELISSA H RAKSA, Esq.<br>DOL.APPEALS@LAW.NJOAG.GOV |
| Additional Party's attorney email address continued below |