**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 20, 2020

**VIA CM/ECF**
Hon. Freda L. Wolfson, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    <u>Lakewood Board of Education v. New Jersey Legislature, et al.</u>
              Civil Action No. 3:19-cv-14690 (FLW/DEA)

Dear Judge Wolfson:

Please accept this letter brief in lieu of a more formal brief on behalf of Defendants New Jersey Department of Education and New Jersey Commissioner of Education Lamont O. Repollet (collectively "DOE Defendants") in reply to Plaintiff Lakewood Board of Education's Opposition and in further support of their Motion to Dismiss in the above-referenced matter.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The DOE Defendants rely upon the Statement of Facts and Procedural History set forth in their moving brief.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3100 • FAX: (609) 943-5853
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

## ARGUMENT

**THE DOE DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THIS COURT LACKS JURISDICTION OVER LAKEWOOD'S CLAIMS AND LAKEWOOD OTHERWISE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Lakewood filed the present Complaint in response to the New Jersey Legislature's determination not to appropriate approximately $30,000,000 in additional State aid for Lakewood that was recommended by the Governor in his annual budget message.  Lakewood specifically asserts that its students have "sustain[ed] actual damages" as a result of the named defendants' "acts and omissions resulting in the removal of the Promised State Aid from the FY2020 Budget."  (ECF No. 1 at ¶¶33, 35, 39, 40, 45, 47, 52, 53, 57, 58).  And while the New Jersey Department of Education subsequently issued a loan of approximately $36,000,000 to Lakewood, Lakewood claims that it "requires an additional $16.9 million in order to provide a thorough and efficient education to its students during the 2019-2020 school year."  (ECF No. 1 at ¶¶25-26).

While Lakewood's Complaint does not specifically delineate the relief sought, the only form of relief discernable is monetary damages.  This is so given the Complaint's singular focus on the defendants' "acts and omissions resulting in the removal of the Promised State Aid from the FY2020 budget" and Lakewood's

February 20, 2020
Page 3

need for additional funding for the 2019-2020 school year.  As fully set forth in the DOE Defendants' moving brief, the DOE Defendants are immune from such claims pursuant to the Eleventh Amendment.

Lakewood now claims that it is seeking "prospective relief to the ongoing funding deficit that is causing Lakewood to fail to provides its students a 'Thorough and Efficient' education." (ECF No. 12 at 5). "In other words," Lakewood says, it "is petitioning the Court to order that the Legislature appropriate adequate funds to Lakewood." (ECF No. 12 at 5). This attempt to circumvent the jurisdictional bar to Lakewood's suit fails for several reasons, including that this claim for relief appears nowhere in Lakewood's Complaint.  A plaintiff may not amend or supplement its complaint through arguments in an opposition brief.  *See Pa. ex rel. Zimmerman v. Pepsico*, 836 F.3d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  And, even assuming this court could grant such relief – which it cannot – it still could not grant such relief against the DOE Defendants because the authority to appropriate funds lies exclusively with the Legislature.[1]  See N.J. Const. art. VIII, § 2, ¶ 2 ("No money shall be drawn from the State treasury but for appropriations made by law."); City

---

[1] While named as a defendant, the New Jersey Legislature was never served with the Complaint.

of Camden v. Byrne, 82 N.J. 133, 148 (1980) ("[T]he power and authority to appropriate funds lie solely and exclusively with the legislative branch of government."). No reading of Lakewood's Complaint allows it to overcome the DOE Defendants' Eleventh Amendment immunity.

Nor can Lakewood overcome its lack of standing to assert claims on behalf of the students who attend its schools. As set forth in the DOE Defendants' moving brief, Lakewood fails to satisfy the three conditions necessary to claim third-party standing: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims. *See Holland v. Rosen*, 895 F.3d 272 (3d Cir. 2018). As to the first condition, Lakewood has not articulated any discrete injury suffered by the district. *See Pa. Psychiatric Society v. Green Spring Health Servs.*, 280 F.3d 278, 293 (3d Cir. 2002) ("It is generally true that third-party standing requires the party who advances the interests of another party to also suffer discrete injury."). Lakewood's circular argument that it has suffered a concrete injury because its students have allegedly suffered injury is unavailing. As to the second condition, Lakewood asks the court to presume a close relationship between the district and its students. But such a presumption cannot be made because the necessary "close relationship" requires an "identity of interests," *see Amato v.*

*Wilentz*, 952 F.2d 742, 748 (3d Cir. 1991), which Lakewood has not and cannot show.  Finally, Lakewood's speculation of what the State may or may not argue in response to potential individual claims is insufficient to show that Lakewood's students are prevented from pursuing their own claims.  Thus, Lakewood has failed to demonstrate that it satisfies any of the requirements, let alone all of the requirements, for third-party standing.

Because this court lacks subject matter jurisdiction to consider Lakewood's claims, Lakewood's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Beyond that, for all of the reasons set forth in the DOE Defendants' moving brief, Lakewood fails to state a claim upon which relief can be granted.  Lakewood's protestations do not alter that reality.  Its Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Finally, contrary to Lakewood's assertion, abstention is appropriate here.  While Lakewood references a matter pending in the New Jersey Office of Administrative Law that is limited to claims through 2018, the matter referenced in the DOE Defendants' moving brief that is pending in the New Jersey Superior Court relates specifically to the State aid and subsequent loan that Lakewood received for the 2019-2020 school year.  For that reason, and for all of the reasons set forth in the DOE Defendants' moving brief, this court should abstain from considering Lakewood's claims.

February 20, 2020
Page 6

## **CONCLUSION**

Because this court lacks jurisdiction and Lakewood has otherwise failed to state a claim upon which relief can be granted, the DOE Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) should be granted and Lakewood's Complaint should be dismissed with prejudice.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By: _/s/ Lauren A. Jensen_____
Lauren A. Jensen
Deputy Attorney General


C:    All Counsel of Record (via ECF)